OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
*999 The certified question raises the issue of whether failure to comply with the provisions of Public Authorities Law § 1276 (1), resulting in the dismissal of the action, precludes commencement of a second action pursuant to CPLR 205 (a) within six months of that dismissal. We conclude that it does not.
While disembarking from a Long Island Railroad car on April 10, 1979, plaintiff Mark Fleming was injured when he fell between the station platform and the railroad car. An action, timely commenced by service of a summons and complaint on July 26, 1979, was dismissed for failure to comply with the provisions of Public Authorities Law § 1276 (1). Plaintiffs* subsequently made the demand required by Public Authorities Law § 1276 (1) and commenced a second action. This second action, commenced within six months of the dismissal of the original action, but more than six years after the accrual of the cause of action, would be time barred unless the provisions of CPLR 205 (a) are applicable.
CPLR 205 (a) provides that when a timely commenced action is terminated other than by voluntary discontinuance, neglect to prosecute, or by a final judgment on the merits, the plaintiff may bring a new action within six months after such termination (see, George v Mt. Sinai Hosp., 47 NY2d 170, 177-178; Gaines v City of New York, 215 NY 533, 539). We have stated, however, that when an action is dismissed for lack of personal jurisdiction based on defective service, the original action was never "commenced” for purposes of CPLR 205 (a), and the six-month extension is therefore unavailable (Markoff v South Nassau Community Hosp., 61 NY2d 283, 288; George v Mt. Sinai Hosp., 47 NY2d, at 175, supra; Erickson v Macy, 236 NY 412, 415-416).
The provisions of Public Authorities Law § 1276 (1) do not constitute a jurisdictional prerequisite; rather they establish a condition precedent, the satisfaction of which must be alleged in an action for personal injuries against a public authority. The complaint must allege that at least 30 days have elapsed since the presentation of a demand for settlement of the claim to the authority, which the authority has neglected or refused (Public Authorities Law § 1276 [1]). Such a demand provision is significantly different from the required service of a summons and complaint which commences the action and enables *1000 the court to acquire jurisdiction over the defendant (see, CPLR 304). A dismissal for failure to plead compliance with the condition precedent of Public Authorities Law § 1276 (1) is not a dismissal based on a jurisdictional defect such as would preclude application of the provisions of CPLR 205 (a). (Cf., Markoff v South Nassau Community Hosp., 61 NY2d, at 288, supra; George v Mt. Sinai Hosp., 47 NY2d, at 175, supra; Erickson v Macy, 236 NY, at 415-416, supra.) Since it is undisputed that plaintiffs timely and properly served the defendant in the original action, that action was timely commenced within the contemplation of CPLR 205 (a). To the extent that defendant argues the dismissal of the original complaint was on the merits, the argument is unavailing. (See, Carrick v Central Gen. Hosp., 51 NY2d 242, 252; see also, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 205.05.)
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order affirmed, etc.

 Mark Fleming’s wife Sarah Fleming is also a plaintiff; she asserts a derivative action for loss of consortium.