The STATE of Ohio, Appellee,

v.

RISNER, Appellant.

[Cite as *State v. Risner* (1997), 120 Ohio App.3d 571.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3–97–08.

Decided July 3, 1997.

*Russell B. Wiseman*, Crawford County Prosecuting Attorney, and *Rhonda G. Burggraf,* Assistant Prosecuting Attorney, for appellee.

*Thomas G. Widman*, for appellant.

---

THOMAS F. BRYANT, Judge.

This appeal is taken by defendant-appellant Gary Risner from a jury verdict in the Court of Common Pleas of Crawford County finding him guilty of nonsupport under R.C. 2919.21.

On September 9, 1996, Risner was indicted for nonsupport in violation of R.C. 2919.21(A)(2). The indictment claimed that Risner had failed to provide support for more than twenty-six weeks out of one hundred four consecutive weeks, thus charging Risner with a felony of the fourth degree. On October 21, 1996, Risner pled not guilty to the charge. A jury trial was held on March 6 and March 7, 1997.

Before the trial, Risner requested jury instructions on the affirmative defense set forth in R.C. 2929.21(C). The trial court refused to give the instruction and would not allow Risner to introduce evidence concerning his alleged inability to pay. The jury returned a verdict of guilty, and Risner was sentenced to prison for one year. It is from this judgment that Risner appeals.

Risner claims the following assignments of error:

"Risner's fourteenth amendment right to due process of law was violated when the trial court refused to allow him to present any evidence during his jury trial concerning the statutory affirmative defense of paying support within one's ability and means as stated at R.C. 2919.21(C).

"Risner's fourteenth amendment right to due process of law was violated when the trial court refused to give any jury instructions concerning the statutory affirmative defense of paying support within one's ability and means as stated."

We find Risner's claims to be well taken.

R.C. 2919.21 stated:

"(A) No person shall abandon, or fail to provide adequate support to:

"* * *

"(2) His or her legitimate or illegitimate child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one[.]

"* * *

"(C) It is an affirmative defense to a charge under division (A) of this section of failure to provide adequate support that the accused was unable to provide adequate support, but did provide such support as was within his ability and means." 141 Ohio Laws, Part I, 361-362.

Here, the trial court denied to Risner the opportunity to introduce evidence of the statutory affirmative defense recognized by R.C. 2919.21(C). Specifically, the transcript of the pretrial conference reveals the following:

"[The Court]: Now, what you're asking this Court to do at this point, Mr. Widman, is to say that, even though Mr. Risner filled out an application under the guidelines to have his child support adjusted, that that means nothing, nothing now, two years later, when he's facing a criminal charge. If it was good enough in '92 when he started it, when he voluntarily did it, then it's good enough now. I'm not going to change those guidelines. I can't change those guidelines.

"But I will not permit a situation, somebody voluntarily sets up a program at his own instance and then says, 'Well, I don't have to abide by that, because I was not—I was unable to do this.'

"That isn't what the law of Ohio says. That isn't what the guidelines say. And I'm not going to let an affirmative defense that permits that or suggests that to come into this case.

"Any—there will be no affirmative defense regarding his ability to pay.

"* * *

"The Court: I am not going to permit any testimony with respect to his inability to pay when he clearly indicated to the Court that he was able to pay X number of dollars back in '92.

"* * *

"Mr. Widman: Okay. It's my understanding that you will not give the instruction to the jury after this trial on the affirmative—

"The Court: No. I said that how many times now?"

During the prosecution's case-in-chief, the trial court further expounded on its decision:

"[The Court]: The affirmative defense is not available when we are dealing with an order that comes under the Child Support Enforcement Act.

"And I'm not going to rule—I am not going to permit any further discussion of ability and means. The ability and means have been determined, and that's by

the guidelines. And the guidelines, after they were applied from information furnished by the Defendant, that took care of that issue.

"You have exceptions, but I am not going to have any more on ability and means.

"\* \* \*

"Mr. Widman: You Honor, I would simply object to your ruling and ask—

"The Court: You heard it.

"Mr. Widman:—I would ask the Court if it's the Court's opinion that the affirmative defense—I'd like the Court to be a little bit more clear. Is it the Court's opinion that the affirmative defense spelled out in Subsection (C) does not apply to a violation charged under Subsection (A)(2)?

"The Court: With respect to failure—abandon or failure to provide adequate support to the child—person's child who is under the age of 18.

"Mr. Widman: Okay. So it's the Court's opinion that the affirmative defense spelled out in Subsection (C) will not apply in any child support situation?

"The Court: That's right."

We find the trial court's ruling to be an error of law. The statute specifically provides that paying to one's ability and means is an affirmative defense to a crime under Subsection (A). The statute does not exclude child support. "The defendant in [a nonsupport] proceeding is presumed to have the ability to support the child unless he raises his inability as an affirmative defense." *State v. Schaub* (1984), 16 Ohio App.3d 317, 319, 16 OBR 348, 350–351, 475 N.E.2d 1313, 1316. Thus, the trial court erred by denying Risner's opportunity to present evidence of this defense.

Risner had the burden of proving the affirmative defense by a preponderance of the evidence. R.C. 2901.05. Whether an affirmative defense is proven is an issue of fact for the jury. The trial court was required to allow Risner to present his evidence and then, if sufficient to permit reasonable minds to find it to be established, submit the issue to the jury with proper instructions. Therefore, Risner's assignments of error are sustained.

The judgment of the Court of Common Pleas of Crawford County is reversed, and the cause is remanded for further proceedings in compliance with this opinion.

*Judgment reversed*
*and cause remanded.*

SHAW and HADLEY, JJ., concur.