■ SCAFFOLD-RUSS DILWORTH, LTD., Appellant, v SHARED MANAGEMENT GROUP, LTD., Doing Business as DIVISION FOUR MASONRY, Also Known as DIVISION 4 MASONRY and DIVISION 4 MASONRY, INC., et al., Defendants, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Respondent. [682 NYS2d 765] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted the motion of Fidelity and Deposit Company of Maryland (defendant) to dismiss the complaint on the ground that plaintiff, a Canadian corporation that rents and sells scaffolding, could not maintain this action because it was "doing business in this state without authority" (Business Corporation Law § 1312 [a]). The record establishes that plaintiff had rented scaffolding to contractors at eight public and private construction projects in New York in 1991 and 1992, and had leased a facility in the State for storage of scaffolding and accessories for use on construction projects. Defendant met its burden of establishing that plaintiff's business activities in this State were "so systematic and regular as to manifest continuity of activity in the jurisdiction" (*Construction Specialties v Hartford Ins. Co.,* 97 AD2d 808; *see, Interline Furniture v Hodor Indus. Corp.,* 140 AD2d 307; *Parkwood*

*Furniture Co. v OK Furniture Co.*, 76 AD2d 905). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Dismiss Pleading.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.