OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Bowling Green Municipal Court which found appellant guilty of one count of non-payment of child support in violation of R.C. 2919.21(B). For the reasons that follow, we affirm the judgment of the trial court.
On appeal appellant, Michael L. Lavelle, Jr., sets forth the following as his sole assignment of error:
 "APPELLANT'S INCARCERATION DURING THE CHARGE PERIOD SHOULD PRECLUDE A CONVICTION FOR FAILURE TO PAY CHILD SUPPORT AND THUS THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISMISS AND BY FINDING HIM GUILTY."
On April 16, 1998, appellant was charged with one count of failure to pay court-ordered child support in violation of R.C.2919.21, a first degree misdemeanor. On August 12, 1998, appellant entered a plea of not guilty and, on November 5, 1998, appellant filed a motion to dismiss the charge. In support of his motion to dismiss, appellant stated that he was unable to work during the time period in which he failed to pay support because he was in jail. Appellant argued that if the time he was in jail is counted against him for purposes of R.C. 2919.21(B), he could conceivably be subjected to "a never-ending cycle of prosecutions with the cumulative effect of keeping [him] perpetually behind bars."
On November 17, 1998, appellee, the state of Ohio, filed a response in which it argued that appellant should not be exempted from punishment for failing to pay child support by virtue of being incarcerated for "voluntarily" committing a crime. The state further argued that appellant failed to set forth facts in support of his motion to dismiss that are sufficient to establish the affirmative defense provided by R.C. 2919.21(D).
On November 18, 1998, an oral hearing was held on appellant's motion to dismiss, after which the motion was denied. Immediately thereafter, a trial to the court was held.
The parties stipulated at trial that appellant was previously convicted of domestic violence and that, as part of his sentence, he was placed on probation for five years. The parties also stipulated that appellant was later convicted of violating his probation and, as a result, appellant was incarcerated from December 8, 1997 until April 25, 1998. The trial court also admitted into evidence records of the Wood County Child Support Enforcement Agency, which showed that appellant did not pay any court-ordered child support from November 2, 1997 through June 2, 1998.
Appellant testified at the hearing that child support payments were regularly deducted from his paycheck until November 1997, when he quit working to spend more time with his family, which did not include the child to whom he was obligated to pay support, before going to jail. He stated that he had informed the Wood County Child Support Enforcement Agency in writing of his impending incarceration. Appellant also testified that he was unable to pay child support immediately upon his release because he had not yet obtained new employment.
Appellant stated that he attempted to participate in a work program while he was in jail, but was rejected by the program because of his domestic violence conviction. Appellant then engaged in a rather lengthy conversation with the trial court as to why, as a violent offender, he was ineligible to participate in a work program while in jail. Appellant further testified that he received his high school diploma while he was in jail. Appellant stated that he registered with the "Lucas County Jobs Program" upon his release and that, four months later, he was rehired by his former employer. Finally, appellant stated that, as a result of his incarceration, he lost his house, car, and "everything [he] owned."
At the close of all the evidence, appellant renewed his motion to dismiss, which was denied. The trial court then found appellant guilty of failing to pay court-ordered child support in violation of R.C. 2919.21(B), "[b]ased on the testimony received [at trial]." Appellant was sentenced to serve six months in the Wood County Justice Center and ordered to pay a $1,000 fine. The court suspended both appellant's jail sentence and his fine. On December 9, 1998, appellant filed a timely notice of appeal.
In support of his assignment of error, appellant asserts that he should not be charged with a crime for not paying child support while he was in jail. In support thereof, appellant citesCole v. Cole (1990), 70 Ohio App.3d 188, in which this court stated, in dicta, that "a possible finding of contempt is unlikely while appellant is incarcerated." Id., at 192. Appellant also argues that R.C. 2919.21(B) is unconstitutional as applied to him because it "essentially criminalizes the status of being incarcerated." Alternatively, appellant argues that the trial court's judgment was against the manifest weight of the evidence because he set forth sufficient facts at trial to establish the affirmative defense of inability to pay.
R.C. 2919.21 states, in relevant part:
 "(B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support.
"* * *
 "(D) It is an affirmative defense to a charge of failure to provide * * * support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means."
The affirmative defense set forth in R.C. 2919.21(D) must be demonstrated by a preponderance of the evidence. R.C. 2901.05;State v. Risner (1997), 120 Ohio App.3d 571, 574.
We will address each of appellant's arguments separately. First, in Cole, supra, this court considered only the issue of whether child support arrearages continue to accrue during the time in which an obligor is incarcerated. Id. at 193. We did not address in that case the issue of whether an incarcerated support obligor can be found guilty of a criminal act for not paying child support while he is in jail. Accordingly,Cole, supra, is inapplicable in this case.
Second, appellant has not demonstrated that he is a member of a suspect class by virtue of his incarceration, and a rational relationship certainly exists between the criminal prosecution of obligors who do not support their children and the legitimate state interest of caring for those children. SeeMenifee v. Queen City Metro (1990), 49 Ohio St.3d 27, 29. Further, as set forth above, the Ohio legislature enacted R.C.2919.21(D) as an affirmative defense to a charge of criminal non-support, thereby eliminating the possibility of perpetual incarceration in cases where an incarcerated obligor establishes that he or she is truly unable to pay an adequate amount of child support, despite making an earnest effort to do so. Accordingly, R.C. 2919.21, as applied to appellant, does not violate the equal protection clause of either the Ohio or United States Constitutions.
Third, a motion to dismiss in the criminal context may not be used to challenge the legal sufficiency of the evidence, but may only be used to raise matters that are capable of determination without a trial of the general issue. Crim.R. 12(B); State v. Varner (1991), 81 Ohio App.3d 85, 86. In this case, it is undisputed that appellant was charged with not paying court-ordered child support for a period of six months. As set forth above, the statute is not unconstitutional. Accordingly, the undisputed facts demonstrate that the charges against appellant are sufficient to constitute a criminal offense pursuant to R.C. 2919.21(B), and the trial court did not err by denying appellant's motion to dismiss. See State v. Patterson (1989),63 Ohio App.3d 91, 95.
As to appellant's alternative argument, we note that appellant chose to renew his motion to dismiss at the close of the evidence, rather than to challenge the sufficiency of the evidence presented at trial through a motion for acquittal pursuant to Crim.R. 29. See State v. Varner, supra. The Supreme Court of Ohio has ruled that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380,386. Accordingly, we will consider only whether appellant's conviction was against the manifest weight of the evidence.
Under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. Id. at 387.
The appellate court, after reviewing the entire record, must weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
As set forth above, the parties stipulated at trial that appellant had not paid child support from November 2, 1997 until June 2, 1998. Appellant then testified that he did not pay child support during that time period because he voluntarily quit work before going to jail, and he could not work while he was in jail because he was a violent offender. Appellant did not testify that he sought work during the time he was unemployed after his release from jail, other than registering with the "Lucas County Jobs Program." Thereafter, the trial court found, based on the evidence presented at trial, that appellant was guilty of violating R.C. 2919.21(B).
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, we cannot find that the trial court lost its way or created a manifest miscarriage of justice, either by not finding that appellant had established the affirmative defense set forth in R.C. 2919.21(D), or by finding appellant guilty of violating R.C.2919.21(B).
Appellant's sole assignment of error is not well-taken.
The judgment of the Bowling Green Municipal Court is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
James R. Sherck, J.
Richard W. Knepper, J.
CONCUR.