DECISION AND JUDGMENT ENTRY
The Hocking County Court of Common Pleas convicted the appellant, Christopher Cox, of nonsupport of his minor child, in violation of R.C. 2919.21(A)(2). The appellant has commenced this appeal pro se and argues that his trial counsel was ineffective in several respects. Because we are unable to find his trial counsel's performance ineffective under the appropriate legal standard, we affirm.
 I.
In August 1994, Lisa Smith gave birth to a daughter, Lauren. During the previous year, Smith had dated the appellant, who ended the relationship several months before Lauren's birth. In February 1996, the Hocking County Court of Common Pleas, Juvenile Division, determined that the appellant was Lauren's father and, ordered him to pay $20 per week in child support. In the twenty-four month period between February 21, 1996, and February 21, 1998, the appellant paid only $478.73 toward his support obligation for Lauren and compiled arrearages totaling approximately $1,600.
In June 1998, a grand jury indicted the appellant on one count of failing to provide adequate support for his minor child, in violation of R.C. 2919.21(A)(2).[1] The indictment further alleged that the appellant had failed to provide support for an accumulated period of twenty-six weeks out of the one hundred four consecutive weeks between February 21, 1996, and February 21, 1998. The failure to provide support to this extent is a fifth-degree felony. See R.C. 2919.21(G)(1)
The appellant originally pleaded not guilty to the charged offense before changing his plea to guilty. He later withdrew the guilty plea and the case proceeded to trial with court-appointed counsel representing the appellant. The state called two witnesses from the Hocking County Child Support Enforcement Agency ("CSEA"), who gave testimony concerning the extent of the appellant's non-payment of support for Lauren. Carol Vermillion, a CSEA investigator, admitted that the appellant was collecting unemployment benefits at the time of the original support order and that the appellant worked sporadically during the time period alleged in the indictment. Vermillion also noted, however, that the appellant had failed to pay any amount of support for Lauren during periods when he was working and added that the appellant never requested a reduction based on an inability to pay.
The appellant's counsel defended on the basis that the appellant did not have the ability to pay the court-ordered amount for Lauren and that he provided whatever support he could afford. See R.C. 2921.21(D) (providing support within one's means when unable to provide adequate support is affirmative defense). The appellant waived his testimonial privilege and was the only witness who testified on his behalf. The appellant testified that his father became terminally ill during 1996 and died in January 1997. He stated that he neither worked nor sought employment during a seven-month period in 1996 so that he could care for his ailing father full-time. The appellant's testimony indicated that he had worked various jobs since his father's death, but that none of the jobs paid enough to support himself while meeting his obligation to support Lauren. The appellant also testified that he had an existing obligation to support two children in Franklin County in addition to Lauren and that he had been unable to make these payments.
A jury of ten women and two men found the appellant guilty of the offense charged. The court sentenced the appellant to a ten-month suspended prison sentence and five years community control sanctions. The appellant was also ordered to pay $50 per month on his support obligation for Lauren. The appellant timely appealed.
 II.
The appellant, who has proceeded pro se in this matter, has submitted a brief to this court that consists of only one page and fails to comply with the Ohio Appellate Rules in several respects. Among the brief's various shortcomings is its failure to contain a statement of assignments of error and issues presented for our review, as required by App.R. 16(A)(3) and (A)(4). An appellate court may disregard any errors not separately assigned and argued. Austin v. Squire (1997), 118 Ohio App.3d 35,37. We are mindful, however, that this court has long adhered to a policy of affording "considerable leniency" to prose litigants. See, e.g., State ex rel. Karmasu v. Tate (1992),83 Ohio App.3d 199, 206; Highland Cty. Bd. of Commrs. v. Fasbender
(July 28, 1999), Highland App. No. 98CA24, unreported. Further, despite the appellant's nonconformity with the appellate rules, we are able to ascertain the basis of his appeal. A liberal construction of the appellant's brief reveals seven arguments offered in support of a claim that he received ineffective assistance of counsel during trial. Accordingly, we construe the appellant's brief as raising a single issue: whether the appellant's trial counsel was ineffective, thereby warranting a new trial. Upon review of the record in light of the appellant's arguments, we conclude that reversal is not warranted.
The Sixth Amendment to the United States Constitution grants to criminal defendants a right to the effective assistance of counsel during trial. See McMann v. Richardson (1970),397 U.S. 759, 771, fn. 14, 90 S.Ct 1441, 25 L.Ed.2d 763. Counsel may deprive a defendant of this constitutional right by failing to render "adequate legal assistance." Strickland v. Washington
(1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674. To determine whether a criminal defendant has been unconstitutionally deprived of the effective assistance of counsel, we undergo a two-pronged analysis established by the United States Supreme Court in Strickland. First, the convicted defendant must show that his trial counsel's performance was somehow deficient. The defendant satisfies this prong if he shows that counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment."Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. Second, the convicted defendant must demonstrate that his counsel's deficient performance prejudiced his defense. Id. To establish prejudice, the defendant must show that, but for counsel's unprofessional errors, there is a "reasonable probability" that the result of his trial would have been different. Id., 466 U.S. at 694,104 S.Ct. at 2068; see, also, State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.
When reviewing the effectiveness of trial counsel, a reviewing court must be highly deferential and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ***." Strickland, 466 U.S. at. 689, 104 S.Ct. at 2065; see, also, State v. Smith (1985), 17 Ohio St.3d 98,100. We must keep in mind that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight ***." Strickland,466 U.S. at 689, 104 S.Ct. at 2065; State v. Post (1987), 32 Ohio St.3d 380,388. The appellant must overcome a strong presumption that his counsel's actions (or inactions) were motivated by "sound trial strategy." Strickland, 466 U.S. at 689,104 S.Ct. at 2065.
The appellant in this case cites seven instances that purportedly demonstrate his counsel's ineffectiveness. First, the appellant argues that his trial counsel was ineffective for not raising an issue concerning the "Family Leave Law Act." Although the appellant does not elaborate on what he means by the "Family Leave Law Act," we presume that the appellant is referring to the federal Family and Medical Leave Act of 1993. See Pub.L.103-3, Title I, Section 101 et seq., Feb. 5, 1993. Under the Family and Medical Leave Act, an "eligible employee" (as defined in the statutory scheme) is entitled to twelve workweeks of leave from his or her employment during any twelve-month period to care for a parent with a "serious health condition." See Section 2612(a)(1)(C), Title 29, U.S. Code. We cannot find the appellant's counsel ineffective for failing to raise the Act as part of the defense because we fail to see its relevance to the case. The appellant admitted that he did not have a job at the time he was caring for his father. Thus, he could not have been on family leave during the period he failed to pay support. The appellant is apparently under the impression that the Family and Medical Leave Act provided him with a statutory right to stop paying support for Lauren. We can find no such right under the Act; the Act provides only a right for an employee to obtain unpaid leave from his or her employment to care for a relative. Because the Act was irrelevant to the appellant's defense, his counsel did not perform deficiently in failing to raise it.
Another claim of ineffective assistance centers on trial counsel's failure to call the appellant's mother as a witness. Generally, the attorney's choice of whom to call and whom not to call as witnesses is a matter of trial strategy. State v. Hunt
(1984), 20 Ohio App.3d 310, 312. Further, the record does not reveal what value his mother's testimony would have provided to his defense. Thus, we cannot characterize the mere failure to call the appellant's mother as a witness as ineffective assistance. Cf. State v. Volgares (May 17, 1999), Lawrence App. No. 98CA06, unreported (counsel's failure to call any witnesses was not ineffective assistance because it was a reasonable trial strategy and because defendant made no argument concerning what testimony other witnesses may have offered)
A third argument for ineffective assistance cites trial counsel's failure to object when "he asked me if I was working under the table." We construe this allegation to mean that the appellant thinks his counsel should have objected when the prosecutor asked if he was earning income unknown to the CSEA during the period he did not pay support for Lauren. Our review of the trial transcript, however, reveals no such question by the prosecuting attorney. Thus, this argument for ineffective assistance is meritless because it is unsupported by the record. We note, however, that it was the appellant's counsel who asked the appellant whether he received income "under the table." The appellant denied that he had. We do not find that trial counsel was ineffective for asking this question. The appellant's defense strategy was aimed at showing his inability to pay support at the required level, which is an affirmative defense under R.C.2919.21(D). See State v. Risner (1997), 120 Ohio App.3d 571, 574. The appellant's income from all sources was relevant to this defense. Thus, it was reasonable for the appellant's counsel to inquire about income received "under the table" as an attempt to show that the appellant was not earning any money unknown to the CSEA and that he was paying to the best of his ability. It is also plausible that the question was an attempt to preempt the state's cross-examination. Although the defense strategy ultimately failed, trial counsel was not ineffective for asking legitimate questions in an attempt to establish an affirmative defense.
Fourth, the appellant argues that his counsel should have objected to the jury that was impaneled. Because the jury consisted of ten women and only two men, the appellant argues that he "did not get a fair trial, because of having a jury of ten women." We cannot find ineffective assistance of counsel based on allowing the jury to be impaneled with ten women. Significantly, we note that the record contains no transcript of jury voir dire. Thus, there is no record that the prosecution eliminated potential jurors simply because they were male. SeeState v. Barney (June 7, 1999), Meigs App. No. 97CA12, unreported (absent systematic and intentional exclusion of particular group of persons from jury service, minor defects in jury selection process do not warrant reversal), citing State v. Puente (1982),69 Ohio St.2d 136, 137-38. Moreover, without a record of the voirdire, we have no indication that the jurors who sat for the trial exhibited any bias. We cannot determine whether the appellant's attorney was ineffective for allowing the jury to be composed as it was when the allegation of ineffectiveness is based on facts outside the record. See State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. With no indication of any bias on the part of the jurors who participated, the appellant cannot overcome the presumption that his counsel rendered adequate assistance.
The appellant's fifth argument for ineffective assistance asserts that trial counsel should have asked the OSEA witnesses whether they knew of the appellant's father having cancer. We fail to see how this failure would render counsel's performance ineffective. The CSEA witnesses' knowledge of the appellant's father's illness was not relevant to any of the elements of the offense. Although the appellant's caring for his father was perhaps relevant to establishing his affirmative defense, i.e. he was unable to pay $20 per week but paid to the best of his ability, the CSEA witnesses' knowledge of this fact was not. Further, the appellant was not prejudiced by his counsel's failure to ask the CSEA witnesses about his father. The appellant himself testified concerning his father's illness and about not seeking employment during the seven months he took care of him. The appellant therefore provided the jury with testimony relevant toward establishing his affirmative defense. While the CSEA witnesses' knowledge of these matters may have bolstered the appellant's credibility somewhat, we cannot find that the result of the trial would have been different had defense counsel pursued the line of questioning suggested by the appellant.
The appellant's sixth argument for ineffective assistance alleges that his counsel "[did] not ask Child Support [sic] if they [sic] would let me catch up on payments." Inquiry into this area, however, was also irrelevant to the defense. Whether CSEA would have "allowed" the appellant to "catch up" on his payments. has no bearing on the appellant's non-payment of child support during the period of time alleged in the indictment. We therefore reject this argument.
Finally, the appellant cryptically mentions "time lines" and argues that the CSEA "did not let me knew [sic] how the timeline works ***." We are entirely unclear about what the appellant means when he refers to the "time lines." The appellant may believe that his counsel should have attacked CSEA's failure to inform him of the consequences of his failure to provide support, which include criminal liability under R.C. 2919.21. We find no merit to this contention. This argument amounts to nothing more than a contention that the appellant did not know he was violating R.C.2919.21 when he failed to provide adequate support for Lauren. Mistake of law is not a valid defense. State v. Pinkney (1988),36 Ohio St.3d 190, 198. Thus, we cannot deem counsel ineffective for failing to pursue a meritless defense.
In none of the instances cited by the appellant do we find his trial counsel's representation constitutionally ineffective. Accordingly, we reject the appellant's arguments and affirm his conviction.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. EVANS, J.: Concur in Judgment and Opinion.
 __________________________ WILLIAM H. HARSHA, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] R.C. 2919.21(A) provides:
No person shall abandon, or fail to provide adequate support to:
(1) The person's spouse, as required by law;
(2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one;
(3) The person's aged or infirm parent or adoptive parent, who from lack of ability and means is unable to provide adequately for the parent's own support.