[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a bench trial, defendant-appellant, Randall Echols, was convicted of nonsupport of dependents pursuant to R.C. 2919.21. In his first assignment of error, he contends both that the evidence was insufficient to support the conviction and that the conviction was against the manifest weight of the evidence. In his second assignment of error, he contends that the state failed to meet its burden to prove the elements of the offense beyond a reasonable doubt, which is another way of asserting that the state's evidence was insufficient to support the convictions. Consequently, we address these assignments of error together.
The standards for reviewing the weight and the sufficiency of the evidence to support a criminal conviction are different. State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541, paragraph two of the syllabus; State v. Ashbrook (Apr. 30, 1997), Hamilton App. No. C-960535, unreported. The evidence is insufficient to support a conviction if the prosecution completely fails to prove its case, and a retrial would, therefore, be constitutionally barred. Thompkins, supra, at 386-387,678 N.E.2d at 546; Ashbrook, supra.
Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Echols had failed to provide adequate support for his child under the age of eighteen for a period of twenty-six weeks out of one hundred four consecutive weeks. Consequently, the evidence was sufficient to support the conviction for nonsupport of dependents as a felony of the fifth degree pursuant to R.C. 2929.21(A) and (G). See Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
Even if a court of appeals finds that the evidence is sufficient to support the conviction, it may nevertheless conclude that the conviction is against the manifest weight of the evidence. Thompkins, supra, at 387, 678 N.E.2d 546-547; Ashbrook, supra. After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Echols's conviction and order a new trial. Therefore, the conviction is not against the manifest weight of the evidence. Thompkins, supra, at 387,678 N.E.2d at 546-547; State v. Allen (1990), 69 Ohio App.3d 366, 374, 590 N.E.2d 1272,1278.
Echols contends that he proved the affirmative defense set forth in R.C. 2919.21(D): that he was unable to provide adequate or the established support but did provide the support that was within his ability and means. Echols had the burden of establishing the affirmative defense by a preponderance of the evidence. Whether he met that burden was an issue for the trier of fact to decide. State v. Risner (1997),120 Ohio App.3d 571, 574, 698 N.E.2d 511, 513. The evidence supported the trial court's finding that Echols had failed to meet his burden to prove that he provided support within his ability and means. See State v.Brown (1982), 5 Ohio App.3d 220, 222-223, 451 N.E.2d 1232, 1235- 1236. Accordingly, we overrule Echols's first and second assignments of error.
In his third assignment of error, Echols contends that the trial court erred by basing his conviction upon an unrelated personal matter as opposed to the facts and evidence presented. He contends that the trial judge, in discussing a personal story about her father becoming a ditch digger to support his family before announcing her decision to convict Echols, demonstrated bias and partiality. We note that the comments of which Echols complains occurred at the end of the trial before the court made its decision on the merits of the case, not in relation to sentencing, as the state contends.
Nevertheless, the record demonstrates that the trial judge`s personal story was used as an illustration relating to Echol's failure to pursue employment outside of his select area of expertise in ruling on the merits of his affirmative defense. The trial judge, as the trier of fact, based her decision on the evidence presented at trial. See Statev. Sowell (1988), 39 Ohio St.3d 322, 333-334, 530 N.E.2d 1291, 1307;State v. Walker (1985), 26 Ohio App.3d 29, 32, 498 N.E.2d 191, 194. Her comments were not in error, and they did not prejudice Echols in any way. Accordingly, we overrule Echols's third assignment of error and we affirm his conviction.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Sundermann, JJ.