■ SCAFFOLD-RUSS DILWORTH LTD., Respondent, v SHARED MANAGEMENT GROUP, LTD., Doing Business as DIVISION FOUR MASONRY, Also Known as DIVISION 4 MASONRY and DIVISION 4 MASONRY, INC., et al., Defendants, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant. [734 NYS2d 764] —Order unanimously affirmed without costs. Memorandum: Plaintiff contracted with Shared Management Group, Ltd., d/b/a Division Four Masonry, a/k/a Division 4 Masonry and Division 4 Masonry, Inc. (Shared Management), to provide labor and materials on a construction project for the Williamsville Central School District. Shared Management changed its name to Division 4 Masonry, Inc. (Division 4), and Division 4 was listed as a subcontractor on the Williamsville project. Defendant Fidelity and Deposit Company of Maryland (Fidelity) provided the labor and material payment bond required for the

project pursuant to State Finance Law § 137. When plaintiff was not paid for its labor and materials, it filed a bond claim notice with Fidelity.

Plaintiff commenced a timely action against, *inter alia*, Fidelity, which was dismissed on the ground that plaintiff, a foreign corporation, failed to comply with Business Corporation Law § 1312 (a). We affirmed the order of dismissal on December 31, 1998 (*Scaffold-Russ Dilworth v Shared Mgt. Group*, 256 AD2d 1087). While that appeal was pending, plaintiff commenced a second action, which was also dismissed for failure to comply with Business Corporation Law § 1312 (a). Plaintiff then commenced this action on June 3, 1999, less than six months after we affirmed the order dismissing the first action. Fidelity's answer to the amended complaint included affirmative defenses asserting, *inter alia*, that the action was time-barred pursuant to the terms of the bond and the "applicable statute of limitations" and that plaintiff's contract was not with a subcontractor covered by the bond.

Plaintiff moved to dismiss those affirmative defenses, and Fidelity cross-moved for dismissal of the amended complaint based on Business Corporation Law § 1312 (a) and CPLR 3211 and 3212. Fidelity asserted, *inter alia*, that the action was untimely because it had not been commenced within the one-year time period set forth in State Finance Law § 137 (4) (b). Fidelity further asserted that the tolling provisions of CPLR 205 (a) are inapplicable to the time period set forth in State Finance Law § 137 (4) (b) because that time period is a condition precedent to the action and CPLR 205 (a) does not apply to conditions precedent.

Supreme Court properly granted plaintiff's motion and denied Fidelity's cross motion. The court properly concluded that the time period set forth in State Finance Law § 137 (4) (b) is a Statute of Limitations that may be tolled under CPLR 205 (a). "Where a statute both 'creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause' [citation omitted]. In such situations, 'the limitation of time is so incorporated with the remedy given as to make it an integral part of it, and the condition precedent to the maintenance of the action at all' " (*Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 379). Bonds on public improvement projects existed at common law and thus were not created by statute. State Finance Law § 137 merely made such bonds mandatory and shortened the time in which to commence an action on such bonds from the six-year period applicable to an action upon a contract (*see,* CPLR 213 [2]) to a

one-year period, unless the statutory provisions are "superseded by more liberal provisions in the bond" (*Legnetto Constr. v Hartford Fire Ins. Co.*, 92 NY2d 275, 279).

The statutory language permitting the time period set forth in State Finance Law § 137 to be superseded by provisions in the bond belies Fidelity's contention that the time period should be seen as a condition precedent that may not be tolled. Based on the foregoing, we conclude that the court properly determined that this action is timely under CPLR 205 (a) because it was commenced within six months after we affirmed the order dismissing the first action (*see, Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014, 1017; *Hodge v Hotel Empls. & Rest. Empls. Union Local 100*, 269 AD2d 330, 331).

The court also properly rejected Fidelity's alternative ground for dismissal of the amended complaint, i.e., that plaintiff has failed to prove compliance with Business Corporation Law § 1312 (a). Fidelity as the movant had the burden to show noncompliance (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Fidelity failed to meet that burden and, in any event, plaintiff in opposition presented evidentiary proof in admissible form establishing that it had met all of its outstanding fiscal obligations to the State of New York and is in compliance with that statute.

In addition, the court properly rejected Fidelity's further contention that the amended complaint should be dismissed on the ground that plaintiff cannot recover because its contract was not with a subcontractor covered by the bond, as required by the terms of the bond. Before a contract for work on a public improvement project is approved, the comptroller or other appropriate official shall require "a bond guaranteeing prompt payment of moneys due to all persons furnishing labor or materials to the contractor or his subcontractors in the prosecution of the work provided for in such contract" (State Finance Law § 137 [1]). The bond required payments to all "claimants * * * for all labor and material used or reasonably required for use in the performance of the Contract." A claimant is defined by the bond as "one having a direct contract with the Principal or with a sub-contractor of the Principal for labor, material, or both." Where, as here, the bond was issued pursuant to State Finance Law § 137, "the statutory text is to be read into the instrument" (*Graybar Elec. Co. v New Amsterdam Cas. Co.*, 292 NY 246, 251, *rearg denied* 252 NY 643, *cert denied* 323 US 715; *see, Scaccia Concrete Corp. v Hartford Fire Ins. Co.*, 212 AD2d 225, 229; *see also, Triple Cities Constr. Co. v Dan-Bar Contr. Co.*, 285 App Div 299, 303-304, *affd* 309 NY 665). Al-

though the contract limited the remedy to those who had a direct contract with the subcontractor, the statute requiring the bond had no such limitation. Plaintiff undoubtedly furnished materials and labor to the subcontractor and thus is covered by the bond "by force of the statute" (*Triple Cities Constr. Co. v Dan-Bar Contr. Co., supra,* at 305). In any event, the record establishes that Shared Management, despite a name change, was the entity with which plaintiff contracted and is the same entity as Division 4, the subcontractor, and thus plaintiff is therefore covered by the terms of the bond irrespective of the statute. (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Dismiss Pleadings.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.