[744 NYS2d 106]

KAYE KRETSCHMANN, Respondent, v BOARD OF EDUCATION OF CORNING PAINTED POST SCHOOL DISTRICT et al., Defendants, and STETSON-DALE, Also Known as STETSON-DALE HARZA, Appellant. (Action No. 1.)

KAYE KRETSCHMANN, Respondent, v STETSON-DALE, Also Known as STETSON-DALE HARZA, Appellant. (Action No. 2.)

Fourth Department, June 14, 2002

APPEARANCES OF COUNSEL

*Matthew David Gumaer,* Syracuse, for defendant-appellant.
*Scott J. Learned,* Elmira, for respondent.

**OPINION OF THE COURT**

GORSKI, J.

The issue before us on this appeal, one of first impression in New York, is whether a second action may be deemed timely commenced pursuant to CPLR 205 (a) despite the dismissal of the first action based on plaintiff's initial failure to serve the notice of claim required by CPLR 214-d (1). For the reasons that follow, we conclude that Supreme Court properly determined that a second action may be deemed timely commenced despite that initial failure where, as here, the first action was timely commenced.

The underlying facts are not in dispute. Plaintiff commenced this action (second action) seeking damages for injuries that she sustained when she tripped and fell on September 11, 1996 on a ramp providing access for handicapped persons to an elementary school in Painted Post, Steuben County. The ramp was designed and built in 1982 by defendant Stetson-Dale, also known as Stetson-Dale Harza (Stetson). Plaintiff initially had commenced an action against the architectural firm of Fred H. Thomas Associates, but during discovery learned that in fact Stetson had designed the ramp. Plaintiff then discontinued her action against Fred H. Thomas Associates, added Stetson as a defendant, and served Stetson with a summons and complaint. Because Stetson's "professional performance, conduct or omission * * * occurr[ed] more than ten years prior to the date of such claim," plaintiff was required to give Stetson written notice of her claim at least 90 days before commencement of her action against Stetson (CPLR 214-d [1]). Supreme Court granted the motion of Stetson to dismiss the complaint against it based on plaintiff's failure to provide Stetson with the required written notice of plaintiff's claim pursuant to CPLR 214-d (1). (184 Misc 2d 535.)

Thereafter, plaintiff served the requisite notice of claim and, within six months of the dismissal of the first complaint against Stetson, commenced a second action against Stetson, allegedly pursuant to CPLR 205 (a). Plaintiff moved to consolidate the second action against Stetson with the action against the other defendants, and Stetson cross-moved to dismiss the second action on the ground that such action was not "timely commenced" pursuant to CPLR 205 (a), given plaintiff's initial failure to comply with the notice of claim requirement set forth in CPLR 214-d (1) in commencing the first action against Stetson. We conclude that the court properly granted the motion and denied the cross motion.

CPLR 205 (a) provides in relevant part:

> "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment on the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

CPLR 214-d (1) provides in relevant part that any person bringing a claim for personal injury against an architectural firm for "the professional performance, conduct or omission" of such firm that occurred more than 10 years prior to the date of the claim must give written notice of such claim to the architectural firm at least 90 days before the commencement of any action.

Stetson contends that the court in effect nullified the protective effect of CPLR 214-d (1) by determining that the second action was timely commenced pursuant to CPLR 205 (a) despite plaintiff's initial failure to comply with section 214-d (1). We disagree, and conclude that the court properly refused to dismiss the second action. Contrary to Stetson's contention, compliance with CPLR 214-d (1) is not a jurisdictional prerequisite to commencing an action; rather, compliance with that statute is a condition precedent to commencement of an action, and such compliance must be pleaded in an action for personal injuries against an architectural firm. Thus, plaintiff's initial failure to comply with that statute did not render the first ac-

tion jurisdictionally defective, and a second action was properly commenced pursuant to CPLR 205 (a).

The decision of the Court of Appeals in *Fleming v Long Is. R.R.* (72 NY2d 998) is instructive. In *Fleming*, the issue before the Court was whether the "failure to comply with the provisions of Public Authorities Law § 1276 (1), resulting in the dismissal of the action, precludes commencement of a second action pursuant to CPLR 205 (a) within six months of that dismissal" (*id.* at 999). The Court concluded that commencement of a second action was not thereby precluded (*see id.*). Pursuant to Public Authorities Law § 1276 (1), a complaint against a public authority must allege that at least 30 days "have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof." The Court in *Fleming* determined that "[a] dismissal for failure to plead compliance with the condition precedent of Public Authorities Law § 1276 (1) is not a dismissal based on a jurisdictional defect such as would preclude application of the provisions of CPLR 205 (a)" (*id.* at 1000). We conclude that Public Authorities Law § 1276 (1) is sufficiently analogous to CPLR 214-d (1) to render the reasoning in *Fleming* equally applicable here.

Although Stetson is correct that courts have refused to deem an action timely commenced pursuant to CPLR 205 (a) where the statute authorizing an action "both creates a cause of action and attaches a time limit to its commencement" (*Scaffold-Russ Dilworth v Shared Mgt. Group*, 289 AD2d 932, 933 [internal quotation marks omitted]; *see also Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp.*, 93 NY2d 375, 379), that principle does not apply here. CPLR 214-d (1) does not contain a time restriction on the commencement of an action, but merely adds the requirement that a plaintiff serve a notice of claim. Contrary to Stetson's contention, CPLR 214-d (1) does not "alter or extend any applicable statute[ ] of limitations" (CPLR 214-d [8]; *see also Gelwicks v Campbell, Surveyors*, 257 AD2d 601, 602).

Based on the foregoing, we conclude that the court properly determined that the second action was timely commenced pursuant to CPLR 205 (a) because it was commenced within six months of the dismissal of the first action, which was timely commenced, and complied with the notice of claim requirement of CPLR 214-d (1). Accordingly, the order should be affirmed.

PINE, J.P., HURLBUTT, BURNS and LAWTON, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.