Appeal and cross appeal from a judgment of Supreme Court, Erie County (NeMoyer, J.), entered November 19, 2002, which awarded money damages to plaintiff upon a jury verdict.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: This is the third action commenced by plaintiff to recover on a labor and material payment bond (bond) issued by Fidelity and Deposit Company of Maryland (defendant) after defendants Shared Management Group, Ltd., doing business as Division Four Masonry, also known as Division 4 Masonry and Division 4 Masonry, Inc., defaulted on the payment of rent for materials furnished by plaintiff on a public improvement proj *952 ect. We previously affirmed the order dismissing plaintiffs first action, seeking the same relief, without prejudice, because plaintiff, a foreign corporation, had failed to comply with Business Corporation Law § 1312 (a) (Scaffold-Russ Dilworth v Shared Mgt. Group, 256 AD2d 1087 [1998]). While that appeal was pending, plaintiff commenced a second action seeking the same relief, but that action was also dismissed based on plaintiffs continued failure to comply with section 1312 (a). Plaintiff then commenced this action within six months of our order affirming the order dismissing the first action. Defendant answered and asserted various affirmative defenses, including the statute of limitations and, once again, plaintiffs failure to comply with section 1312 (a). Plaintiff moved to dismiss the affirmative defenses and defendant cross-moved to dismiss the amended complaint alleging, inter alia, that plaintiff is not a proper claimant under the terms of the bond because its contract was not with a subcontractor covered by the bond. We affirmed Supreme Court’s order granting plaintiffs motion and denying defendant’s cross motion (Scaffold-Russ Dilworth v Shared Mgt. Group, 289 AD2d 932 [2001]).
We previously determined that the instant action was timely commenced under the tolling provisions of CPLR 205 (a) and that plaintiff had fully complied with Business Corporation Law § 1312 (a) (Scaffold-Russ Dilworth, 289 AD2d at 933-934). Those determinations are the law of the case and cannot be disturbed on this appeal (see generally Martin v City of Cohoes, 37 NY2d 162, 165 [1975], rearg denied 37 NY2d 817 [1975]). With respect to whether plaintiff is a proper claimant, we determined that the court properly denied defendant’s cross motion to dismiss the amended complaint because plaintiff “undoubtedly furnished materials and labor to the subcontractor and thus is covered by the bond ‘by force of the statute’ ” (Scaffold-Russ Dilworth, 289 AD2d at 935). We further determined that, regardless whether “Shared Management Group, Ltd., d/b/a Division Four Masonry,” or “Division 4 Masonry, Inc.” subcontracted with the general contractor, plaintiff provided scaffolding to the entity that subcontracted for the masonry work on the public improvement project and therefore plaintiff was covered by the terms of the bond (id. at 934-935; see also State Finance Law § 137 [1]). That determination also constitutes the law of the case and thus, contrary to defendant’s contention, the court properly refused to submit the question of plaintiffs status as a proper claimant to the jury. In any event, we conclude that the proof at trial established as a matter of law that plaintiff is a proper claimant.
Contrary to defendant’s further contention, the absence of a *953 written agreement stating the price for renting the scaffolding does not preclude plaintiff from recovering under the bond. Plaintiff is entitled to recover under the bond for the rental value of materials (see Harsco Corp. v Gripon Constr. Corp., 301 AD2d 90, 93 [2002]), and it may recover in quantum meruit in the absence of a valid written agreement (see Foster Co. v Terry Contr., 34 AD2d 638, 638-639 [1970]).
We further conclude that, contrary to plaintiffs contention, the court properly set June 1, 1999 as the date from which interest should be awarded. The Court of Appeals has held that a cause of action accrues on the earliest date that the injured plaintiff may “judicially assert the claim and sue for relief” (LaBello v Albany Med. Ctr. Hosp., 85 NY2d 701, 703 [1995]). “A cause of action is the right to prosecute an action with effect. . . . It is not possible for one at the same time to have a cause of action and not to have the right to sue” (id. at 705 [internal quotation marks omitted]; see Jacobus v Colgate, 217 NY 235, 241 [1916]). The Court has reasoned that “ ‘[a] cause of action inherently includes and comprehends, in the absence of restrictive language, the right to maintain an action upon the claim or matter which also is inherently included in it’ ” (Travelers’ Ins. Co. v Brass Goods Mfg. Co., 239 NY 273, 278 [1925], quoting Travelers’ Ins. Co. v Padula Co., 224 NY 397, 405 [1918], rearg denied 225 NY 638 [1918]). Because plaintiff did not have the right to maintain an action against defendant until June 1, 1999, that was “the earliest ascertainable date the cause of action existed” and constitutes the earliest date from which interest may be computed (CPLR 5001 [b]). Present—Pigott, Jr., PJ., Pine, Scudder, Gorski and Lawton, JJ.