■ RUSSIAN SAMOVAR, INC., Doing Business as SAMOVAR SCH FOOD SERVICE, Doing Business as PAPOO's RESTAURANT, et al.,

Respondents, v TRANSIT WORKER'S UNION OF AMERICA et al., Defendants, and METROPOLITAN TRANSPORTATION AUTHORITY, Sued Herein as METROPOLITAN TRANSIT AUTHORITY, Appellant. [847 NYS2d 164]—

Order, Supreme Court, New York County (Louis B. York, J.), entered December 12, 2006, which, to the extent appealed from, denied the motion of defendant Metropolitan Transportation Authority (MTA) to dismiss the second amended complaint for failure to state a cause of action and to meet the requisite notice and pleading requirements, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff businesses allege economic injury due, inter alia, to improper negotiation tactics by the MTA, which purportedly resulted in the December 2005 New York City Transit strike. Plaintiffs failed to comply with the prerequisite pleading and notice of claim requirements of Public Authorities Law § 1276 (1) and (2). Contrary to the court's finding, the MTA adequately raised this point in its motion to dismiss, specifically in the affidavit of its manager of legal support services. This provided plaintiffs with the opportunity to respond, and also preserved the argument for appellate review (*see Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299 AD2d 64, 69-70 [2002]).

Plaintiffs' further claim that the MTA committed an unspecified intentional tort by addressing pension issues in its collective bargaining negotiations fails to state a cause of action. There is no private cause of action against the MTA under the Taylor Law; only such private causes may be brought as existed at common law (*see Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314 [1983]), which did not include an intentional tort for employer bargaining conduct. Even if the unspecified intentional tort claim could be based upon employer conduct, it would be limited to unlawful conduct, and the actions of the MTA herein did not constitute such "extreme provocation" as might detract from the union's responsibility for engaging in the strike (*New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO*, 35 AD3d 73, 90 [2006]). Concur—Tom, J.P., Saxe, Friedman, Williams and Buckley, JJ.