Sapini v Ferrara (2025 NY Slip Op 06671)

Sapini v Ferrara

2025 NY Slip Op 06671

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Index No. 150940/24|Appeal No. 5241|Case No. 2024-05876|

[*1]Justin Sapini, Plaintiff-Appellant,
v
Anthony F. Ferrara et al., Defendants-Respondents. 

Stolzenbergcortelli, LLP, White Plains (Terrence James Cortelli of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for respondents.

Order, Supreme Court, New York County (Richard A. Tsai, J.), entered on or about September 6, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of Metro-North Commuter Railroad to dismiss the complaint as against it and denied plaintiff's cross-motion for leave to amend the complaint, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's cross-motion for leave to amend the complaint to assert his compliance with the 30-day presentment of claim requirement under Public Authorities Law § 1276(1), a condition precedent to a personal injury suit against a public authority (see Fleming v Long Is. R.R., 72 NY2d 998, 999 [1988]). The statute requires that a complaint "allege that at least 30 days have elapsed since the presentation of a demand for settlement of the claim to the authority, which the authority has neglected or refused" (Fleming, 72 NY2d at 999). Presentation of the demand "is designed to afford the public authority an opportunity, prior to incurring the expenses of litigation, to evaluate the claim and to determine whether to attempt an adjustment or to pay the claim" (Andersen v Long Is. R.R., 59 NY2d 657, 661 [1983]). As an MTA subsidiary, Metro-North is subject to Public Authorities Law § 1276 (1) (see Matter of Essien, 77 AD3d 237, 238 [1st Dept 2010]).
Here, plaintiff commenced this action by complaint dated January 30, 2024, alleging that he sustained injuries when a utility vehicle owned by defendants Metropolitan Transportation Authority and Metro-North and operated by defendant Anthony F. Ferrara collided with a motor vehicle operated by plaintiff. By letter dated February 20, 2024, a claims administrator for Metro-North informed plaintiff's law firm that she was handling this matter and requested medical information and documents. Thus, the parties' settlement discussion and document exchanges occurred after plaintiff commenced this action, and there is no evidence that plaintiff complied with the statute prior to filing the complaint (see Russian Samovar, Inc. v Transit Worker's Union of Am., 45 AD3d 499, 500 [1st Dept 2007]; Jacobs v Metropolitan Transp. Auth., 180 AD3d 657, 658-659 [2d Dept 2020]).
Supreme Court also properly dismissed the complaint as against Metro-North. Failure to comply with provisions requiring notice and presentment of claims prior to commencing an action requires dismissal (see e.g. Davidson v Bronx Mun. Hosp., 64 NY2d 59, 62 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025