■ U.S. Bank National Association, Respondent, v DLJ Mortgage Capital, Inc., Appellant. [995 NYS2d 10]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 16, 2014, which, inter alia, denied that portion of defendant's motion to dismiss plaintiff's breach of contractual warranty claims on the grounds that they were time barred, unanimously affirmed, without costs.

If a contractual representation or warranty is false when made, a claim for its breach accrues at the time of the execution of the contract (*ACE Sec. Corp. v DB Structured Prods., Inc.*, 112 AD3d 522, 523 [1st Dept 2013], *lv granted* 23 NY3d 906, [2014]). This is true even where the contract states that its "effective date" is earlier. The claim cannot accrue earlier, because until there is a binding contract, there can be no claim for breach of warranty (*see Home Equity Mtge. Trust Series 2006-5 v DLJ Mtge. Capital, Inc.*, 2014 NY Slip Op 30263[U], *10 [Sup Ct, NY County 2014]). Additionally, in the residential mortgage-backed securities (RMBS) context, it should be noted that the claim cannot generally accrue before the contract, because the trust that is the recipient of the representations and warranties typically does not come into existence prior to the closing of the transaction (*see U.S. Bank N.A. v DLJ Mtge. Capital, Inc.*, 42 Misc 3d 1213[A], 2014 NY Slip Op 50029[U], *3 [Sup Ct, NY County 2014]). Furthermore, the representations and warranties were made as of the closing date, and the contract, which did not explicitly address the statute of limitations, does not indicate a clear intent to alter the accrual date relating to claims for a breach thereof. As such, the IAS court correctly held that the representation and warranty claims accrued on February 7, 2007, the date the pooling and service agreement, the agreement sued upon, was executed.

Plaintiff asks this Court to overturn its prior decision in *ACE Sec. Corp.*, and to hold that a mortgage seller's failure to cure or replace a nonconforming loan is a separate breach of the agreement that triggers the limitations period anew. This is an incorrect reading of the so-called "sole remedy" provision typical of RMBS transaction documents. As we point out in *ACE*, the demand to cure is a precondition to suit, and the cure period must have passed before suit can be brought. Thus, the demand to cure may render a claim untimely, but cannot make it timely (*see id.*). Concur—Tom, J.P., Sweeny, Renwick, Andrias, Clark, JJ.