OPINION OF THE COURT
Marcy Friedman, J.
This residential mortgage-backed securities (RMBS) breach of contract action is the current incarnation of the dismissed action that was the subject of the Court of Appeals’ recent decision in ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc. (25 NY3d 581 [2015] [ACE *345 III], affg 112 AD3d 522 [1st Dept 2013] [ACE II], revg 40 Misc 3d 562 [Sup Ct, NY County 2013] [ACE I]). The prior action initiated on the last day of the limitations period, by the filing of a summons with notice by certificateholders that were investment funds holding 25% of the voting rights in the RMBS trust. Prior to commencement of the action, the certificatehold-ers had served a repurchase demand on defendant DB Structured Products, Inc. (DBSP), the sponsor of the securitization, but the time to comply with the demand had not expired before the summons with notice was filed. The trustee, HSBC Bank USA, National Association (HSBC), subsequently sought to substitute as plaintiff, by filing the complaint nearly six months after the statute of limitations had expired. The trial court (Kornreich, J.) denied a motion by defendant DBSP to dismiss the prior action. This determination was reversed by the Appellate Division. The Appellate Division determination was then affirmed by the Court of Appeals. While the ACE III appeal was pending, this new action was commenced by the trustee.[1]
Defendant DBSP moves to dismiss this action as untimely. The sole issue on the motion is whether the new action, which would otherwise be barred by the statute of limitations, is entitled to the benefit of the CPLR 205 (a) savings provision.
CPLR 205 (a) provides:
“New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.”
*346 It is undisputed that the prior and new actions are based on the same transactions, as they both allege breaches by defendant sponsor of representations and warranties regarding the mortgage loans underlying the securitization. The parties dispute whether the trustee is a plaintiff within the meaning of CPLR 205 (a) and whether the prior action was terminated as untimely.
This court’s holdings are as follows: First, the action must be dismissed, as the trustee is not, under the circumstances of this case, a “plaintiff” entitled to avail itself of the benefits of the CPLR 205 (a) savings provision. In the alternative, the trustee’s resort to CPLR 205 (a) is not barred by the Court of Appeals’ ACE III dismissal of the first action on the ground that the plaintiff failed to satisfy a repurchase demand condition precedent prior to commencing the first action. The Court of Appeals’ dismissal based on the failure to satisfy this condition precedent was not a statute of limitations dismissal or, put another way, was not a determination that the first action was untimely commenced because this condition precedent was not satisfied — i.e., the cure and repurchase periods did not lapse— prior to the expiration of the statute of limitations. Moreover, under governing law, CPLR 205 (a) is not rendered unavailable because the repurchase demand condition precedent was not satisfied within the limitations period. The Appellate Division’s standing and substitution holdings in ACE II did, however, determine that the trustee’s complaint in the prior action did not relate back to the certificateholders’ summons with notice, and therefore was not timely filed. As the action was untimely under these Appellate Division holdings, which were not reached by the Court of Appeals and by which this court remains bound, relief is not available to the trustee under CPLR 205 (a).[2]
*347 The Trustee as CPLR 205 (a) Plaintiff
Reliance Ins. Co. v PolyVision Corp. (9 NY3d 52 [2007]) provides the most comprehensive recent guidance by the Court of Appeals as to the circumstances in which a plaintiff may avail itself of CPLR 205 (a) to avoid the bar of the statute of limitations, where a different but related plaintiff filed the original action within the statute of limitations, and the action was dismissed due to a defect in the original plaintiffs capacity or standing. In Reliance, the Court of Appeals answered the following certified question from the Second Circuit: “Does New York CPLR § 205(a) allow a corporation to refile an action within six months when a previous, timely-filed action has mistakenly been commenced in the name of a different, related corporate entity, and has been dismissed for naming the wrong plaintiff?” (Id. at 56.)
In holding that CPLR 205 (a) was unavailable to the parent corporation of the original plaintiff, the Court of Appeals endorsed the reasoning of the Federal District Court that
“ ‘[t]he common thread running through cases applying CPLR 205 in cases where the error in the dismissed action lies only in the “identity” of the plaintiff, is the fact that it is the same person or entity whose rights are sought to be vindicated in both actions.’. . . ‘[T]he plaintiff in the new lawsuit may appear in a different capacity, such as a duly appointed administrator, but the identity of the individual on whose behalf redress is sought, [must] remain] ] the same.’ ” (Id. at 57, quoting 390 F Supp 2d 269, 273 [ED NY 2005].)
Summarizing the text of CPLR 205 (a), the Reliance Court “note[d] that the benefit provided by the section is explicitly, and exclusively, bestowed on ‘the plaintiff who prosecuted the initial action.” (Id.) The Court also noted that George v Mt. Sinai Hosp. (47 NY2d 170, 179 [1979]) permitted a new action to proceed under CPLR 205 (a) where the new action was filed by an administrator after dismissal of a prior action that had been improperly commenced in a decedent’s name after her death. (Reliance, 9 NY3d at 57.) Distinguishing George, the *348 Reliance Court stated: “Outside of this representative context, we have not read ‘the plaintiff’ to include an individual or entity other than the original plaintiff.” (Id.) As the Court of Appeals in George explained and Reliance reaffirmed:
“Usually, of course, the fact that one party commenced an action which is subsequently dismissed, will not serve to justify application of [CPLR 205 (a)] so as to support a later action by a different claimant. Where, however, as here, the claim is the same, and the subsequent claimant is acting as the representative of the named plaintiff in the prior action,” 205 (a) is applicable. (George, 47 NY2d at 179; Reliance, 9 NY3d at 57 [quoting the statement from George that CPLR 205 (a) will not “usually” apply to an action commenced by a different party after dismissal of the first action].)
In holding that CPLR 205 (a) was unavailable to the corporate parent of the plaintiff in the dismissed original action, the Reliance Court cautioned:
“To allow [the parent] to proceed also would open a new tributary in the law, presumably available to individuals as well as corporations, and breathe life into otherwise stale claims . . .
“We are, moreover, mindful of the potential ramifications of a rule allowing a ‘different, related corporate entity’ the benefit of the statutory grace period, not knowing precisely what that means or portends. What may be a genuine corporate twin or alter ego in one case could be a far-flung affiliate in another.” (Reliance, 9 NY3d at 58.)
Here, as defendant correctly argues, the new trustee plaintiff is not simply appearing in a different capacity than the original certificateholder plaintiffs. Nor is the trustee acting for the certificateholders in a representative capacity analogous to that of an administrator for a decedent’s estate who succeeds to the decedent’s cause of action. (See EPTL 11-3.1 [permitting actions, other than for injury to person or property, to be maintained by and against personal representative of decedent, “in such manner as such action might have been maintained by or against his decedent”], 11-3.2 [providing that decedent’s cause of action for injury to person or property survives decedent’s death and action for such injury may be continued by decedent’s personal representative].)
The certificateholders are the beneficiaries of the trust and, in a general sense, are represented by the trustee to the extent *349 that they are or will be the ultimate beneficiaries of successful litigation commenced by the trustee on behalf of the trust. However, the certificateholders have limited rights to enforce the governing agreements or to control litigation by the trustee. In contrast, the trustee is contractually authorized to enforce the sponsor’s obligation, at issue here, to repurchase mortgage loans whose value is materially adversely affected by the sponsor’s breaches of representations and warranties regarding the quality and characteristics of the loans.
More particularly, the pooling and servicing agreement (PSA) among ACE Securities Corp. as depositor, the servicer and master servicer, and HSBC as trustee expressly transfers to the trustee, on behalf of the trust for the benefit of the certifi-cateholders, “the rights of the Depositor under the Mortgage Loan Purchase Agreement (including, without limitation the right to enforce the obligations of the other parties thereto thereunder).” (PSA § 2.01 [exhibit A to complaint, NY St Cts Elec Filing Doc No. 2].) The PSA no action clause authorizes suit only by certificateholders holding at least 25% of the voting rights in the trust, and only after they have given the trustee a “written notice of default and of the continuance thereof,” “made written request upon the Trustee to institute such action,” and offered the trustee “reasonable indemnity.” (PSA § 12.03.) The defaults to which the no action clause refers are, however, defaults of the servicer and master servicer, not of the sponsor. (See PSA art VIII “Default,” § 8.01 [enumerating only servicer and master servicer events of default].) Indeed, the Appellate Division determined in ACE II — albeit, in a holding not reached by the Court of Appeals — that “the certificate holders lacked standing to commence the action on behalf of the trust” because “the ‘defaults’ enumerated in the PSA concern failures of performance by the servicer or master servicer only. Thus, the PSA does not authorize certificate holders to provide notices of ‘default’ [and therefore to commence suit] in connection with the sponsor’s breaches of the representations.” (ACE II, 112 AD3d at 523.)
Under the terms of the PSA, then, the certificateholders cannot be found to have possessed a cause of action against defendant sponsor to which the trustee succeeded. As the trustee does not merely succeed to the certificateholders’ cause of action, it does not act, for purposes of this litigation, in a representative capacity akin to that of an administrator who succeeds to the decedent’s own cause of action.
*350 The trustee also cites a line of cases holding that a bankruptcy trustee may file an action under CPLR 205 (a) after a prior action brought by the debtor is dismissed for lack of capacity because the debtor’s cause of action has vested in the bankruptcy trustee. (E.g. Pinto v Ancona, 262 AD2d 472, 473 [2d Dept 1999]; see Genova v Madani, 283 AD2d 860, 861 [3d Dept 2001].) As the certificateholders did not possess a cause of action to which the trustee succeeded, however, the trustee also fails to show that it is a representative akin to a bankruptcy trustee.
As noted in Reliance, outside the representative context of an executor or administrator, the Court of Appeals has never held that a plaintiff, for purposes of CPLR 205 (a), includes an individual or entity other than the original plaintiff. (Reliance, 9 NY3d at 57.) The trustee does not cite, and the court’s own research has not located, any case that has made the relief of CPLR 205 (a) available to a new plaintiff outside the estate or bankruptcy context. Nor does the trustee make a persuasive case for the court to do so here.
At best, the trustee argues that it is entitled to the benefit of CPLR 205 (a) because the trust and all of its certificateholders are “the real parties in interest” in both the original and the new actions. (See plaintiff’s mem in opp at 21-23.) In support of this argument, the trustee points out that the summons with notice (Woll affirmation, exhibit A), which was filed by the original two certificateholder plaintiffs, stated that the claims were brought “derivatively on behalf of the Trust and all of the Certificate holders.” The trustee then emphasizes the statement in Reliance that in order for CPLR 205 (a) to apply, the “identity of the individual on whose behalf redress is sought, must remain the same.” (Reliance, 9 NY3d at 57 [internal quotation marks, citation, and brackets omitted]; plaintiff’s mem in opp at 21.) This selective reading of Reliance, however, ignores its critical additional requirement that the new plaintiff be the same as the old plaintiff “in a different capacity” (id. at 57-58) — a requirement that, for the reasons stated above, is not satisfied here.
Finally, the purpose of CPLR 205 (a) would not be served by making the statute available to the trustee under the circumstances of this case. It is undisputed that, by letter dated January 12, 2012, the certificateholders notified the trustee of DBSP’s alleged breaches of representations and warranties, demanded repurchase of the mortgage loans, and asked the *351 trustee to expeditiously request that DBSP enter into a tolling agreement. (ACE III, 25 NY3d at 591.) The trustee neither filed suit in response, nor sought a tolling agreement with DBSP, although it gave notice to DBSP of alleged breaches on February 8, 2012. (Id. at 591-592.) The certificateholders then filed a summons with notice by which they initiated the prior action on March 28, 2012, exactly six years from the date of execution of the governing contract. (Id.) The trustee only sought to substitute as plaintiff by filing a complaint on September 13, 2012, almost six months after the passage of the statute of limitations. (Id. at 592.)
The Court of Appeals has long held, and recently reaffirmed, that “[t]he very function of that subdivision [CPLR 205 (a)] is to provide a second opportunity to the claimant who has failed the first time around because of some error pertaining neither to the claimant’s willingness to prosecute in a timely fashion nor to the merits of the underlying claim.” (George, 47 NY2d at 178-179; Norex Petroleum Ltd. v Blavatnik, 23 NY3d 665, 668 [2014] [“New York’s ‘savings’ statute, section 205 (a), allows a plaintiff to refile claims within six months of a timely prior action’s termination for reasons other than the merits or a plaintiff’s unwillingness to prosecute the claims in a diligent manner”].) CPLR 205 (a) serves the important remedial purpose of “ameliorating] the potentially harsh effect of the Statute of Limitations . . . .” (See George, 47 NY2d at 177.) Nevertheless, the statute does not afford relief to a plaintiff, like the trustee, that declined to bring the action within the limitations period.
For the above reasons, the court holds that the trustee does not qualify as a “plaintiff” entitled to avail itself of CPLR 205 (a) to avoid the bar of the statute of limitations.
Timeliness of the Prior Action
The court turns to the further issue of whether CPLR 205 (a) is unavailable to the trustee on the alternative ground that the prior action was dismissed as untimely. The parties sharply dispute whether the Appellate Division and Court of Appeals dismissed the prior action as time-barred and, more particularly, whether these Courts’ condition precedent dismissals were themselves dismissals on timeliness grounds. Resolution of this issue requires the court to undertake a detailed review of the prior decisions.
*352 The Prior ACE Decisions
The trial court held that the prior action was timely. Under the governing agreements, as is typical in RMBS securitiza-tions, DBSP’s obligation to cure or repurchase defective mortgage loans was the sole remedy available to the trustee for DBSP’s breach of representations or warranties related to the quality of the loans.[3] The trial court reasoned that DBSP’s repurchase obligation was not breached until it discovered or was notified of a breach of a representation or warranty, the cure period had elapsed, and it “fail[ed] to timely cure or repurchase a loan.” (ACE I, 40 Misc 3d at 566.) In addition, the court concluded that any failure of a condition precedent — i.e., failure to serve a repurchase demand and wait until the cure and repurchase periods had elapsed — was excused based on DBSP’s “repudiation” of its contractual repurchase obligations. (Id. at 568.)
The Appellate Division reversed, holding in the first sentence of its decision that “[t]his action is barred by the six-year statute of limitations on contract causes of action.” (ACE II, 112 AD3d at 522.) The Court reasoned that
“[t]he motion court erred in finding that plaintiff’s claims did not accrue until defendant either failed to timely cure or repurchase a defective . . . loan. To the contrary, the claims accrued on the closing date of the MLPA, March 28, 2006, when any breach of the representations and warranties contained therein occurred.” (ACE II, 112 AD3d at 522-523 [citation omitted].)
The Appellate Division further held that the certificateholders commenced the action, after the trustee “refused to do so,” on the last day of the limitations period but prior to the expiration *353 of the 60- and 90-day periods for cure and repurchase under the remedy provision of the governing agreements. (Id. at 523.) The Court then concluded that “[t]he certificate holders’ failure to comply with a condition precedent to commencing suit rendered their summons, with notice a nullity.” (Id. )
In an alternative holding, the Appellate Division found that the certificateholders lacked standing to commence an action on behalf of the trust against the sponsor for alleged breaches of representations regarding the mortgage loans. (Id) Although the Court did not explicitly refer to the relation-back doctrine, it then in effect held that the trustee’s complaint, which was filed after the limitations period, did not relate back to the summons with notice, which had been filed within the limitations period by the certificateholders. This holding was stated as follows: “Nor does the substitution of the trustee as plaintiff permit us to deem timely filed the trustee’s complaint, which was filed September 13, 2012” — after the limitations period. (Id.) The Court then distinguished cases in which substitution had been allowed, describing the original and substituted parties in such cases as, for example, affiliates in the same corporate family or part of the same group of companies. (Id. ) The Court of Appeals characterized the Appellate Division decision as follows:
“The Appellate Division reversed and granted DBSP’s motion to dismiss the complaint as untimely. The Court held that ‘the claims accrued on the closing date of the MLPA, March 28, 2006, when any breach of the representations and warranties contained therein occurred.’ Further, although the certificateholders commenced their action on March 28, 2012, the last day of the applicable six-year limitations period, the 60- and 90-day periods for cure and repurchase had not by then elapsed; accordingly, the certificateholders £fail[ed] to comply with a condition precedent to commencing suit [that] rendered their summons with notice a nullity.’ The Appellate Division added that, in any event, the certificateholders lacked standing to commence the action on behalf of the Trust and the Trust’s substitution did not cure that defect and relate back to the certificateholders’ date of filing.” (ACE III, 25 NY3d at 593 [citations to ACE II omitted].)
In affirming the Appellate Division’s dismissal of the action, the Court of Appeals held that the repurchase obligation was *354 an “alternative remedy” for the underlying breach of representations and warranties (ACE III, 25 NY3d at 596), “not an independently enforceable right .... Accordingly, the Trust’s claim, subject to the six-year statute of limitations for breach-of-contract actions, accrued on March 28, 2006, when the MLPA was executed.” (Id. at 599.) The Court further held that defendant’s refusal to cure or repurchase, following notice of breaches and the passage of the 60- and 90-day cure and repurchase periods, did not constitute a substantive condition precedent. (Id. at 597.) Citing Dickinson v Mayor of City of N.Y. (92 NY 584, 591 [1883]), the Court contrasted the situation where a demand is an element of a party’s cause of action, in which event the demand “delay [s] accrual of the cause of action,” with the situation “where a legal wrong has occurred and the only impediment to recovery is the defendant’s discovery of the wrong and notice to the defendant, [in which event] the claim accrues immediately.” (ACE III, 25 NY3d at 597.) The Court expressly held that “DBSP’s failure to cure or repurchase was not a substantive condition precedent that deferred accrual of the Trust’s claim; instead, it was a procedural prerequisite to suit” that did not delay such accrual. (Id. at 599, 598.) In the same section of its opinion in which it held that DBSP’s repurchase obligation was not a substantive condition precedent, and immediately following that holding, the Court stated that “[t]he Trust simply failed to pursue its contractual remedy within six years of the alleged breach.” (Id. at 598.)
The Court of Appeals dismissed the action for failure to fulfill the repurchase demand condition precedent, stating that “the two certificateholders did not validly commence this action because they failed to comply with the contractual condition precedent to suit.” (Id. at 589.)
In summarizing its holding, the Court stated at the outset of the opinion:
“We hold that the Trust’s cause of action against DBSP for breach of representations and warranties accrued at the point of contract execution . . . DB-SP’s refusal to repurchase the allegedly defective mortgages did not give rise to a separate cause of action. Additionally, we hold that, even assuming standing, the two certificateholders did not validly commence this action because they failed to comply with the contractual condition precedent to suit; namely, affording DBSP 60 days to cure and 90 days to repurchase from the date of notice of the alleged non-conforming loans.” (Id.)
*355 The concluding paragraph of the Court’s opinion similarly stated:
“In sum, DBSP’s cure or repurchase obligation was not a separate and continuing promise of future performance; rather, it was the Trust’s sole remedy in the event of DBSP’s breach of representations and warranties. Viewed in this light, the cure or repurchase obligation was not an independently enforceable right, nor did it continue for the life of the investment. Accordingly, the Trust’s claim, subject to the six-year statute of limitations for breach-of-contract actions, accrued on March 28, 2006, when the MLPA was executed. Moreover, DBSP’s failure to cure or repurchase was not a substantive condition precedent that deferred accrual of the Trust’s claim; instead, it was a procedural prerequisite to suit. Finally, because the Trust admittedly failed to fulfill the condition precedent, we need not and do not address the issues of standing and relation back disputed by the parties.” (Id. at 598-599.)
As the above discussion shows, the Court of Appeals expressly upheld the dismissal of the prior action based on the trustee’s failure to satisfy the repurchase demand condition precedent to suit — “namely, affording DBSP 60 days to cure and 90 days to repurchase from the date of notice of the alleged nonconforming loans.” (ACE III, 25 NY3d at 589.) The issue is whether the Court’s holding was also that this failure rendered the action untimely under the six-year statute of limitations for a breach of contract action.
The Court of Appeals did not state that the failure to comply with the repurchase demand condition precedent rendered the action untimely. Nor did the Court state that the action was untimely because the condition precedent was not satisfied within the statute of limitations or, put another way, because the cure and repurchase periods had not elapsed before the statute of limitations expired. Indeed, the Court of Appeals did not state anywhere in its opinion that it found the action untimely, and expressly declined to consider whether the trustee’s complaint related back to the certificateholders’ summons with notice, which had been filed within the limitations period. The Court thus did not reach the Appellate Division’s express timeliness holding that the substitution of the trustee as plaintiff did not “permit [the Court] to deem timely filed the trustee’s complaint.” (ACE II, 112 AD3d at 523.)
*356 In claiming that the Court of Appeals’ condition precedent dismissal was a statute of limitations dismissal, defendant points to a sole sentence in the opinion that “[t]he Trust simply failed to pursue its contractual remedy within six years of the alleged breach.” (ACE III, 25 NY3d at 598; see defendant’s mem in support at 1, 8-10.) Significantly, the Court did not discuss the consequences of the failure to satisfy the condition precedent within the limitations period. Nor did the Court discuss the extensive authority, decided under CPLR 205 (a), which has considered the effect on the timeliness of an action of failure to satisfy a condition precedent prior to commencement of the action, and which has permitted refiling of a subsequent action under CPLR 205 (a) in cases involving analogous conditions precedent. (See infra at 356-367 [discussing authorities].) The applicability of CPLR 205 (a) was not an issue before the Court of Appeals. This court is not persuaded, however, by defendant’s apparent contention that the Court of Appeals would effectively rule on the implications for future litigation of a condition precedent dismissal, and establish precedent that could potentially conflict with an already established body of law, without any explicit discussion of the issue. The court accordingly holds that the Court of Appeals’ statement that the trust failed to pursue its contractual remedy within the limitations period is best read, in the overall context of the opinion, not as a determination that the action was time-barred but, rather, as a determination that the condition precedent to suit was not fulfilled within the limitations period, with the consequence of that nonfulfillment to be determined on a developed record at a later stage in the litigation. This court accordingly addresses that issue.
Effect of Failure to Comply with the Condition Precedent on Commencement of the Prior Action
As a threshold matter, defendant contends that the first action was untimely because it was not actually “commenced” at all. In particular, defendant argues that although the certifi-cateholders filed the summons with notice within the statute of limitations, they did not commence the action as a result of their failure to comply with the repurchase demand condition precedent before filing the summons with notice. As defendant notes, the condition precedent holdings of the two Courts were phrased differently. According to the Appellate Division, “[t]he certificate holders’ failure to comply with a condition precedent to commencing suit rendered their summons with notice a nul *357 lity.” {ACE II, 112 AD3d at 523.) As stated by the Court of Appeals, the certificateholders “did not validly commence this action because they failed to comply with the contractual condition precedent to suit.” {ACE III, 25 NY3d at 589.) Defendant analogizes the two holdings, and then asserts that “[flailing to ‘validly commence’ an action is different than commencing a defective action; if an action is not ‘validly commenced,’ it is a nullity and cannot be revived pursuant to CPLR 205 (a).” (Defendant’s mem in support at 9.)
This contention that the failure to validly commence an action is tantamount to non-commencement of the action, or that an invalidly commenced action is a “nullity” or somehow differs from a “defective” action, for purposes of relief under CPLR 205 (a), lacks any support in the governing authority. As held in Carrick v Central Gen. Hosp. (51 NY2d 242 [1980]), a case often cited on the standards for applying CPLR 205 (a):
“Our opinion in George thus stands squarely for the proposition that the extension provisions of CPLR 205 (subd [a]) are available to a plaintiff who seeks to recommence an action, notwithstanding that the prior action upon which the plaintiff relies was ‘invalid’ in the sense that it contained a fatal defect. Contrary to the view expressed by the Appellate Division in the present case, the fact that the prior action was so defective as to be ‘tantamount to no suit whatsoever’ simply does not preclude the use of that remedial provision to revive an otherwise time-barred cause of action, provided, of course, that a prior timely action, however flawed, actually was ‘commenced’ within the meaning of CPLR 304.” (Id. at 249, citing George, 47 NY2d at 178; see also Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng’g, PLLC, 104 AD3d 613, 613 [1st Dept 2013], citing Carrick.)[4]
The cases cited by defendant to support its claim that the action was not commenced involved not failure to comply with an analogous condition precedent, but such defects as failure to properly serve the summons, resulting in lack of personal jurisdiction over the defendant (Markoff v South Nassau Community Hosp., 61 NY2d 283 [1984]); failure to commence the *358 action due to failure to file the summons and complaint and obtain an index number (Goldenberg v Westchester County Health Care Corp., 16 NY3d 323 [2011]); and filing or service of a defective summons due to failure to comply with the notice requirements of CPLR 305 (b) (Parker v Mack, 61 NY2d 114 [1984]; Roth v State Univ. of N.Y., 61 AD3d 476 [1st Dept 2009], lv denied 13 NY3d 711). These defects are not claimed here.
Under New York practice, an action is commenced by the filing of a summons and complaint or a summons with notice. (CPLR 304 [a].) The certificateholders filed a summons with notice within the statute of limitations. Although the prior action was not “validly commence [d]” due to the failure of the certificateholders to satisfy the condition precedent (ACE III, 25 NY3d at 589), it was actually commenced, and is an “action,” for purposes of CPLR 205 (a). The court thus turns to the critical issue of whether the failure to comply with the condition precedent rendered the action untimely.
Effect of Failure to Comply with the Condition Precedent on the Timeliness of Commencement of the Prior Action
CPLR 205 (a) Authorities
Review of the extensive body of law applying CPLR 205 (a) reinforces this court’s conclusion that the Court of Appeals’ condition precedent dismissal in ACE was not a determination that the first action was untimely. As discussed below, this authority does not, in this court’s opinion, support a finding that the failure to satisfy the repurchase demand condition precedent prior to commencement of the first action, or within the limitations period, rendered the first action untimely.
In Carrick, a leading CPLR 205 (a) case, the Court held an initial action timely despite nonfulfillment of a condition precedent within the limitations period. Although Carrick involved a condition precedent that differs in kind from the repurchase demand at issue, the Court’s analysis is instructive as to the inquiry to be made in determining the availability of CPLR 205 (a). There, the first action was a wrongful death action that was dismissed because it was brought by the decedent’s spouse prior to the appointment of an administrator. The Court characterized the appointment of the administrator as a “condition precedent to the right to bring . . . suit.” (Carrick, 51 NY2d at 250.) Rejecting the conclusion of the Appellate Division that the “plaintiff had not actually commenced a timely wrongful death action within the meaning of CPLR 205 (subd [a])” {id. at 247), the Court effectively held that the *359 prior action was timely commenced despite the plaintiff’s failure to obtain the appointment of an administrator before commencing the action-. The Court thus reasoned that this “fatal flaw” in the prior action was “not in itself a legitimate ground for denying the plaintiff use of CPLR 205 (subd [a])” (id. at 249-250), and that although the wrongful death action was “improperly commenced by a person other than a qualified administrator,” it nevertheless “constitute [d] a prior ‘action’ within the ambit of” the statute. (Id. at 250.) Notably, the Court expressly stated that the refiling was not barred even though the plaintiff did not receive her letters of administration — i.e., satisfy the condition precedent — until one month after the statute of limitations for the wrongful death action had passed. (Id. at 253 n 5; Carmenate v City of New York, 59 AD3d 162, 163 [1st Dept 2009] [holding, on the authority of Carrick, that CPLR 205 (a) was available, where decedent’s brother brought first action for wrongful death, but did not apply for letters of administration prior to the expiration of the statute of limitations].)
The Carrick Court then explained that
“in any case involving the application of CPLR 205 (subd [a]), it is necessary to ascertain not only whether a prior ‘action’ was timely commenced, but also whether the manner in which the prior action was ‘terminated’ rendered the plaintiff ineligible for the six-month extension under the terms of that statute.” (Carrick, 51 NY2d at 250-251.)
Citing prior consistent authority, the Court concluded that dismissal of the first action based on the failure to comply with the condition precedent of appointment of an administrator was not a final judgment on the merits that barred a refiling under CPLR 205 (a). (Id. at 250-252.)
In cases involving more closely analogous conditions precedent, the Courts have undertaken a similar analysis. Alouette Fashions v Consolidated Edison Co. of N.Y. (119 AD2d 481, 486 [1st Dept 1986], aff'd for reasons stated below 69 NY2d 787 [1987]) involved General Municipal Law §§ 50-h and 50-1, which required the filing of a notice of claim against the city and, if the city timely demanded an examination of the claimant, precluded commencement of an action until the claimant submitted to the examination. The Court characterized the failure to submit to the examination as a “condition precedent,” and dismissed the complaint of certain plaintiffs *360 who failed to comply with this condition precedent before commencing the action, stating: “However, we do so without prejudice to these plaintiffs recommencing the action within 30 days after completion of the Comptroller’s hearing, recognizing that in dismissing the complaint we are invoking a technical procedural requirement and are not rendering a final judgment on the merits.” {Id. at 486.) The Court also expressly recognized the availability of CPLR 205 (a) even to those plaintiffs who had not complied with the condition precedent within the limitations period, and thus held: “[F]or those plaintiffs whose actions may now be time barred, a six-month extension of the Statute of Limitations is available under CPLR 205 (a).” {Id.)
As discussed below, for purposes of CPLR 205 (a), courts have distinguished — sometimes explicitly, sometimes not— between two categories of conditions precedent. In the first, the condition precedent may impose a time restriction on the commencement of the action rather than, or in addition to, the statute of limitations for the claim. Or, a condition precedent in this category may set forth a deadline — i.e., date certain — for compliance with — i.e., satisfaction of — the condition precedent. Such conditions precedent condition the very existence of the cause of action, or the right to seek relief, on compliance with the specified time limit. In the second category, the condition precedent does not impose such a time restriction or deadline for compliance.
Matter of Morris Invs. v Commissioner of Fin. of City of N.Y. (69 NY2d 933 [1987]) illustrates this distinction. This proceeding for review of a tax deficiency assessment involved an Administrative Code of the City of New York provision requiring the petitioner to deposit the amount of the tax deficiency or post an undertaking prior to commencement of the proceeding. The proceeding was commenced on the last day of the statute of limitations, but the provision was not complied with until after the statute of limitations. {Id. at 935.) The Court reasoned that the proceeding was “ Timely commenced’ . . . within the meaning of CPLR 205 (a)” because the first suit was “actually ‘commenced’ ” by service of process within the limitations period pursuant to CPLR 304. {Id. at 936.) The Court also rejected the claim that the failure to make the deposit or post the undertaking within the statute of limitations was “a condition precedent that nullifies the underlying right to bring an action.” {Id.) As further explained:
*361 “To be distinguished from the Administrative Code provisions in issue here — which specify no particular time limitation for the deposit or undertaking apart from the four-month limitations period for commencement of article 78 proceedings generally — are situations where a right to seek relief is specifically conditioned upon compliance with a particular time requirement rather than, or in addition to, a Statute of Limitations.” (Id.)[5]
Other cases have repeatedly permitted refiling under CPLR 205 (a) after the first action was dismissed for failure to comply with a statutory condition precedent, such as a settlement demand or notice of claim, where the condition precedent did not by its terms either establish a time restriction on commencement of the action or impose a deadline for its satisfaction. Notably, although Morris Invs. expressly considered the effect of the failure to satisfy the condition precedent within the limitations period, these cases have generally permitted refiling of a second action under CPLR 205 (a) after compliance with such a condition precedent, without considering whether compliance occurred before or after the expiration of the statute of limitations that would be extended by CPLR 205 (a). In other words, the time of compliance with such a condition precedent, whether before or after the expiration of the statute of limitations, has not been treated as a factor by these courts in analyzing whether refiling of a second action under CPLR 205 (a) is permissible.
For example, Fleming v Long Is. R.R. (72 NY2d 998 [1988]) involved a dismissal of a prior action for failure to plead compliance with Public Authorities Law § 1276, requiring a demand for settlement of the claim to have been made, and 30 days to have elapsed, before commencement of a tort action against a public authority. In holding that CPLR 205 (a) was available, *362 the Court reasoned that this statute did not “constitute a jurisdictional prerequisite” but, rather, “establish[ed] a condition precedent.” (Id. at 999.) The Court noted that the statutory demand was “significantly different from the required service of a summons and complaint which commences the action and enables the court to acquire jurisdiction over the defendant.” (Id. at 999-1000.) The Court then held that, as it was “undisputed that plaintiffs timely and properly served the defendant in the original action, that action was timely commenced within the contemplation of CPLR 205 (a).” (Id. at 1000.) Addressing the manner of termination of the prior action, the Court also determined that a dismissal for failure to plead compliance with this condition precedent was “not a dismissal based on a jurisdictional defect” or a dismissal on the merits, such as would preclude application of CPLR 205 (a). (Id.)
Similarly, Kretschmann v Board of Educ. of Corning Painted Post School Dist. (294 AD2d 39, 41-42 [4th Dept 2002]) involved CPLR 214-d, which the Court characterized as a “condition precedent,” requiring provision of a notice of claim to an architectural firm at least 90 days before commencement of an action against such firm if the claim was for professional negligence that occurred more than 10 years prior to making of the claim. Citing Fleming, the Court held that the first action was timely commenced, notwithstanding the plaintiff’s failure to comply with the condition precedent prior to commencement of the first action, and that relief under CPLR 205 (a) was available.[6] (Id.; see also e.g. Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d 481 [1986], affd 69 NY2d 787 [1987] [discussed supra at 359-360]; Benedetti v Erie County Med. Ctr. Corp., 129 AD3d 1462, 1463 [4th Dept 2015], lv denied 132 AD3d 1329 [2015] [holding that Public Authorities Law § 3641 (1) (c), requiring commencement of an action within one year and 90 days of the event on which the claim was based, did not constitute a “statutory time requirement” separate from the statute of limitations, which barred resort to CPLR 205 (a)].)
*363 In contrast, courts have declined to permit refiling of an action under CPLR 205 (a) where a statutory condition precedent imposed a time restriction on commencement of suit separate from the statute of limitations, or a deadline for its satisfaction that has expired. The rationale for this outcome is explained in Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp. (93 NY2d 375 [1999]), which involved McKinney’s Unconsolidated Laws of NY § 7107 (L 1950, ch 301,' § 7), a statute that confers a right to sue the Port Authority “upon the condition that any suit . . . shall be commenced within one year after the cause of action therefor shall have accrued.” In holding that this statute is “a condition precedent to suit, which cannot be tolled under CPLR 205 (a)” (id. at 378), the Court reasoned:
“Case law distinguishes between a Statute of Limitations and a statutory time restriction on commencement of suit. The former merely suspends the remedy provided by a right of action, but the latter conditions the existence of a right of action, thereby creating a substantive limitation on the right. Both CPLR 205 (a) and its equivalent predecessor statutes have been held to be inapplicable when the statutory time bar to the commencement of the second action falls into the latter category, as a condition precedent. . .
“Where a statute both ‘creates a cause of action and attaches a time limit to its commencement,’ . . . ‘the limitation of time is so incorporated with the remedy given as to make it an integral part of it, and the condition precedent to the maintenance of the action at all.’ ” (Id. at 378-379 [internal quotation marks, citations, and parentheticals omitted].)
As the Yonkers Court further explained, CPLR 205 (a) is inapplicable to such a condition precedent because the “ ‘right to seek relief is specifically conditioned upon compliance with a particular time requirement rather than, or in addition to, a Statute of Limitations.’ ” (Id. at 379, quoting Morris Invs., 69 NY2d at 936.)
The Yonkers Court also distinguished Fleming as a case in which the time bar governing the claims was a statute of limitations, not a condition precedent. (Id.; see also Glamm v City of Amsterdam, 67 AD2d 1056, 1057 [3d Dept 1979], affd for reasons stated below 49 NY2d 714 [1980], rearg denied 49 NY2d 918 [1980] [cited by the Yonkers Court and similarly holding that General Municipal Law § 50-e, which provided for service of a notice of claim within 90 days after the claim arose, *364 was “not a time limitation” (i.e., a statute of limitations), but a “condition precedent” to suit to which CPLR 205 (a) did not apply to extend the time for compliance]; Benedetti, 129 AD3d at 1463 [citing Yonkers for the proposition that “CPLR 205 (a) does not apply when an act has to be performed within a statutory time requirement and is a condition precedent to suit”].)[7]
Matter of Goldstein v New York State Urban Dev. Corp. (13 NY3d 511 [2009]) distinguished Yonkers, holding that CPLR 205 (a) permitted filing in state court of a proceeding challenging a condemnation determination, where an action for such relief had been timely filed in, and dismissed by, a federal court. Eminent Domain Procedure Law § 207 (A) required filing of a proceeding challenging an EDPL condemnation determination within 30 days following the determination. The Court reasoned that this statute did not prescribe “a condition of maintaining any such challenge, i.e., a substantive component of the claim rather than a limitation on the availability of a remedy.” (Id. at 521.) The Court further explained that the statute did not “by its terms condition the sufficiency of the claim upon compliance with the 30-day filing period.”[8] (Id. at 522.)
The authority involving contractual conditions precedent under CPLR 205 (a), although less extensive, is analogous to that involving statutory conditions precedent. For example, in Buchholz v United States Fire Ins. Co. (269 App Div 49, 51 [1st Dept 1945], lv dismissed 294 NY 807 [1945]), an older case decided under the substantially similar predecessor statute to *365 CPLR 205 (a) and cited approvingly in Carrick (51 NY2d at 252), the first action was dismissed due to failure to obtain an appraisal prior to suit against an insurance company — a condition precedent under the policy to commencement of suit. The Court held that the action.could be refiled, reasoning: “Where the failure to perform a‘, condition precedent has barred consideration of the substance or merit of the cause, the right to a second suit is saved by the section.” (Buchholz, 269 App Div at 51.)
Recently, the Appellate Division of this Department reaffirmed that where the original complaint was timely filed and the action was dismissed for failure to comply with a contractual condition precedent, a new action could be filed, pursuant to CPLR 205 (a), after compliance with the condition precedent. Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng’g, PLLC involved a contractual condition precedent requiring the plaintiff to submit an expert certification to defendants prior to commencement of an action against them. In the first Southern Wine appeal (80 AD3d 505 [1st Dept 2011]), the plaintiff sought to use the relation-back doctrine of CPLR 203 (f) to cure the “defective initial complaint,” which had been brought without compliance with the condition precedent. The Court held that the cure was unavailable, as “[Relation back applies to the amendment of claims and parties and is dependent upon the existence of a valid preexisting action.” (Id. at 505-506.) In the subsequent action brought under CPLR 205 (a) (104 AD3d 613 [1st Dept 2013]), the Court held that the prior action was “timely” as it was filed within the three-year statute of limitations for negligence, and that relief was available under CPLR 205 (a) “since the statute was ‘created to serve in those cases in which the prior action was defective and so had to be dismissed.’ ” (Id. at 613, quoting Carrick, 51 NY2d at 248-249.) Further, the Court held that “[t]he dismissal of the prior action for plaintiffs’ failure to comply with a condition precedent was not a judgment on the merits.” {Id.)
Application of CPLR 205 (a) Authorities to the Repurchase Demand
Having reviewed the CPLR 205 (a) authorities, the court turns to their application to the repurchase demand at issue. It is undisputed that the governing agreements for the ACE securitization do not by their terms specify either a restriction on the time for commencing a breach of contract action or a deadline (i.e., date certain) by which the repurchase demand *366 condition precedent must be satisfied. (See PSA § 2.03 [a], quoted supra at 352 n 3.)
The Court of Appeals in ACE has already likened the repurchase demand to the condition precedent in Dickinson v Mayor of City of N.Y. (92 NY 584 [1883], supra) — a 30-day statutorily required demand period during which the City of New York could not be sued. As discussed above, the Court reasoned that such condition precedents were “procedural prerequisite [s] to suit,” as opposed to “substantive condition precedent[s] . . . that delayed accrual of the cause of action” or that were “ ‘part of the cause of action and necessary to be alleged and proven, and without [which] no cause of action existed.’ ” (ACE III, 25 NY3d at 597-598, quoting Dickinson, 92 NY at 591.)
This court further finds that the repurchase demand is analogous not only to the demand in Dickinson but also to the statutory and contractual demands in the more recent cases, discussed above, which neither imposed a time restriction separate from the statute of limitations for commencement of the action nor specified a date certain for compliance with the condition precedent. Specifically, the repurchase demand, affording a 60-day cure period and a 90-day repurchase period prior to the commencement of suit, is similar to the conditions precedent to suit in such cases — e.g., the settlement demand to be made 30 days prior to the commencement of suit in Fleming (72 NY2d 998); the notice of claim to be given 90 days prior to commencement of suit in Kretschmann (294 AD2d 39); the pre-suit examination in Alouette Fashions, Inc. (119 AD2d 481, affd 69 NY2d 787 [1987]); the appraisal in Buchholz (269 App Div 49); and the expert certification in Southern Wine (104 AD3d 613).
Like the Dickinson demand, these conditions precedent are not substantive conditions precedent that must be satisfied in order for the cause of action even to come into existence. (See ACE III, 25 NY3d at 597.) Unlike the condition precedent in Yonkers, these conditions precedent do not place a “substantive limitation” on the cause of action — that is, they do not “condition! ] the existence” of the cause of action on compliance with a time limit “rather than, or in addition to” the statute of limitations for commencement of the action. (See Yonkers, 93 NY2d at 378, 379.) Nor do they require compliance with the condition precedent by a deadline. Rather, these conditions precedent, like the repurchase demand, all require information *367 to be provided about the claims, and an opportunity for their resolution to be afforded, before litigation is commenced.
The cases involving such conditions precedent have consistently held the first actions timely despite the plaintiffs’ failure to satisfy the conditions precedent prior to the commencement of the first actions, and have permitted refiling of the second actions pursuant to CPLR 205 (a), generally without consideration of whether the conditions precedent were ultimately met before or after the statute of limitations had expired. This court similarly holds that the failure to comply with the repurchase demand condition precedent prior to the commencement of the prior action is not a bar to the refiling of this second action. As the repurchase demand condition precedent also does not impose a restriction on the time for its satisfaction, rather than or in addition to the breach of contract statute of limitations, this court also expressly holds, on the above authority, that CPLR 205 (a) is not rendered unavailable because the repurchase demand condition precedent here was not satisfied — i.e., the cure and repurchase periods did not lapse — prior to the expiration of the statute of limitations.
The court further rejects the claim that this holding will frustrate the reasonable expectations of the parties under the governing agreements. It bears emphasis that had these sophisticated parties intended to require that the cure and repurchase periods under the repurchase demand lapse before the expiration of the statute of limitations, they could have included language in their agreements to that effect. They did not do so, and “ £[C]ourts may not by construction add or excise terms, nor distort the meaning! ] of those used and thereby make a new contract for the parties under the guise of interpreting the writing.’ ” (ACE III, 25 NY3d at 597, quoting Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004], quoting Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001]; see also MBIA Ins. Corp. v Countrywide Home Loans, Inc., 105 AD3d 412, 413 [1st Dept 2013] [declining, in action by insurer against mortgage originator, to impose an asserted limitation on the defendant’s obligation to repurchase defective loans, the Court noting that “these very sophisticated parties” could have included the desired language in their contract].)
Finally, in holding that resort to CPLR 205 (a) is not barred by the failure to satisfy the repurchase demand condition precedent within the breach of contract limitations period, the *368 court takes note that the Appellate Division appears to have characterized its own ACE II condition precedent holding as a dismissal based on the statute of limitations. In U.S. Bank N.A. v DLJ Mtge. Capital, Inc. (121 AD3d 535, 536 [1st Dept 2014]), the Court stated: “As we point out in ACE, the demand to cure [here, referred to as the repurchase demand] is a precondition to suit, and the cure period must have passed before suit can be brought. Thus, the demand to cure may-render a claim untimely, but cannot make it timely.”[9] Citing ACE II, other courts in the RMBS litigation have also held that the time to comply with RMBS repurchase demands must have elapsed before the passage of the six-year statute of limitations, or that claims with respect to loans identified in such demands would be untimely. (See Home Equity Asset Trust 2006-5 [Heat 2006-5] v DLJ Mtge. Capital, Inc., 42 Misc 3d 1206[A], 2014 NY Slip Op 50001[U], *3 [Sup Ct, NY County, Jan. 3, 2014, Bransten, J.] [stating that because “the cure period had not elapsed — and had not even begun — when (the certificateholder) filed its summonses with notice,” the summonses with notice were rendered a nullity under ACE II, and “(a)ccordingly, this action is barred by the six-year statute of limitations”]; MASTR Adjustable Rate Mtges. Trust 2006-OA2 v UBS Real Estate Secs. Inc., 2015 WL 764665, *8, 2015 US Dist LEXIS 24988, *21 [SD NY, Jan. 9, 2015, No. 12-cv-7322 (PKC), Castel, J.], reconsideration denied 2015 WL 797972, 2015 US Dist LEXIS 23071 [SD NY, Feb. 25, 2015] [holding, under New York law, that the “Trusts could not have brought a timely claim” as to loans identified in breach notice with respect to which the time to cure or repurchase did not elapse until after the statute of limitations expired]; U.S. Bank, N.A. v Citigroup Global Mkts. Realty Corp., 2015 WL 1222075, * 2, 2015 US Dist LEXIS 33786 [SD NY, Mar. 13, 2015, No. 13 Civ 6989 (GBD), Daniels, J.] [same].)
Significantly, however, these cases were decided prior to, and without the benefit of, the Court of Appeals’ analysis of the condition precedent basis for dismissal of the complaint, and without any discussion of the extensive body of law under CPLR 205 (a) on the effect of failure to satisfy a condition *369 precedent on the timeliness of an action.[10] In any event, as the Court of Appeals upheld the dismissal of the first action based on the failure to comply with the repurchase demand condition precedent, that Court’s dismissal, which was not a timeliness dismissal, rather than the Appellate Division’s condition precedent dismissal, is binding on this court. (See generally D'Alessandro v Carro, 123 AD3d 1, 6 [1st Dept 2014] [The Supreme Court must follow the Appellate Division rulings in its Department “until the Court of Appeals makes a dispositive ruling on the issue”].)
In sum, based on the express terms of the Court of Appeals’ decision, the court rejects defendant’s claim that the Court of Appeals’ condition precedent dismissal was a statute of limitations dismissal or, stated differently, that the Court held that the prior action was untimely due to the failure to satisfy the repurchase demand condition precedent prior to the commencement of the prior action or within the limitations period. Based on review of the CPLR 205 (a) authority, this court further holds that such failure did not render the first action untimely and does not bar refiling of the second action under CPLR 205 (a).
The Bar of the Appellate Division ACE Standing and Substitution Holdings
In contrast, the Appellate Division’s alternative ACE standing and substitution holdings are timeliness holdings that bar the refiling of this second action under CPLR 205 (a). As discussed above (supra at 352-356), unlike the Court of Appeals’ decision, the Appellate Division’s decision expressly held that the “action [wa]s barred by the six-year statute of limitations on contract causes of action.” (ACE II, 112 AD3d at 522.) Also unlike the Court of Appeals’ decision, the Appellate Division’s decision reached the issues of the certificateholders’ standing to commence the first action, and the trustee’s attempt to substitute as plaintiff by filing the complaint. In this regard, the Appellate Division concluded that “the certificate holders lacked standing to commence the action on behalf of the trust,” and that the substitution of the trustee as plaintiff did not “permit [the Court] to deem timely filed the trustee’s *370 complaint,” which was filed after the passage of the statute of limitations. (ACE II, 112 AD3d at 523.) As also discussed above and as the Court of Appeals noted (see supra at 353), in denying leave to the trustee to substitute as plaintiff for the certifi-cateholders that were found to lack standing, the Appellate Division held that the trustee’s complaint did not relate-back to the certificateholders’ summons with notice.
To the extent that the trustee argues that the Appellate Division did not dismiss the prior action on timeliness grounds (see plaintiff’s mem in opp at 3-4, 12), this argument is flatly contradicted by the Appellate Division’s express holding that the trustee’s complaint was not “timely filed,” as well as by the Court of Appeals’ characterization of the Appellate Division’s holding as having “reversed and granted DBSP’s motion to dismiss the complaint as untimely.” (ACE III, 25 NY3d at 593.)[11] The trustee does not contend that this court is not bound by the Appellate Division’s alternative standing and substitution holdings which the Court of Appeals did not reach. (See Dec. 15, 2015 oral argument tr at 30.) Rather, the trustee contrasts CPLR 203 (f), which codifies the relation-back doctrine, with CPLR 205 (a), and argues that while an original plaintiff’s lack of standing may render its pleading “a ‘nullity,’ such that there is nothing to which the later pleading can ‘relate back,’ ” lack of standing is curable under CPLR 205 (a). (Plaintiff’s mem in *371 opp at 13 [“Many of the circumstances that may render an earlier pleading a ‘nullity’ for purposes of CPLR 203 (f), however, are precisely the circumstances under which New York courts have permitted CPLR 205 (a) revival actions”]; oral argument tr at 29-31.)
This argument ignores that CPLR 205 (a) is, by its terms, only available to cure a defect in the first action if the first action was “timely commenced.” As the trustee’s complaint was filed after the statute of limitations, it could only be timely if it related back to the certificateholders’ timely summons with notice. The Appellate Division held, however, that the trustee’s complaint was not timely, and distinguished cases in which the parties had been found sufficiently related to permit substitution under the relation-back doctrine. (See supra at 353; ACE II, 112 AD3d at 523.)[12] This court is bound by that holding. (See generally D'Alessandro v Carro, 123 AD3d 1 [2014], supra.)
Contrary to the trustee’s contention, it is not in any worse position, having tried to substitute as plaintiff in the prior action, than it would have been had it done nothing. As also discussed above (supra at 347-351), under Reliance Ins. Co. v PolyVision Corp. (9 NY3d 52 [2007], supra), CPLR 205 (a) is unavailable to the trustee for the additional reason that it is not the plaintiff that commenced the original action and is not a party appearing in a representative capacity for the original plaintiff.
It is accordingly hereby ordered that the motion of defendant DB Structured Products, Inc. to dismiss this action as time-barred is granted to the extent of dismissing this action with prejudice.

. The new action was referred to this court pursuant to the order of the Administrative Judge, dated May 23, 2013, designating this court to hear “all actions hereafter brought in this court alleging misrepresentation or other wrong in connection with or arising out of the creation or sale of residential mortgage-backed securities.”

. This result is to be distinguished from the result in a decision issued by this court on the same date on a motion for reargument in U.S. Bank N.A. v DLJ Mtge. Capital, Inc. (2015 NY Slip Op 30424[U] [Sup Ct, NY County 2015] [ABSHE 2006-HE7]). There, this court rejected the defendant’s request for dismissal of the action with prejudice for failure to comply with a repurchase demand condition precedent prior to the expiration of the statute of limitations. The defendant brought a motion for reargument based on the Court of Appeals’ decision in ACE III. In the decision on that motion, this court granted leave to reargue, and adhered to its initial holding dismissing the action without prejudice. The decision adopted the reasoning of the instant decision that the ACE III condition precedent dismissal was not a timeliness dismissal. But unlike the situation here, the trustee was the *347 original plaintiff, and the ABSHE 2006-HE7 summons with notice was filed within the statute of limitations by the trustee, not a certificateholder without standing. As there was no need for the trustee to substitute, there was also no issue as to the timeliness of its complaint under the Appellate Division’s ACE II standing and substitution holdings.

. PSA § 2.03 (a) provides, in pertinent part: “Upon discovery or receipt of notice” of a breach of a representation or warranty that materially and adversely affects the value of a mortgage loan,
“the Trustee shall promptly notify the Sponsor and the Servicer of such . . . breach and request that the Sponsor . . . cure such . . . breach within sixty (60) days from the date the Sponsor was notified of such . . . breach, and if the Sponsor does not . . . cure such . . . breach in all material respects during such period, the Trustee shall enforce the obligations of the Sponsor under the Mortgage Loan Purchase Agreement to repurchase such [mortgage loan] . . . within ninety (90) days after the date on which the Sponsor was notified of such . . . breach . . . (See U.S. Bank N.A. v Greenpoint Mtge. Funding, Inc., 2015 NY Slip Op 30307 [U], *6 n 2 [Sup Ct, NY County 2015] [this court’s prior decision discussing the ACE governing agreements].)

. It is noted that the Court of Appeals has questioned the usefulness of the “overbroad” term “nullity” to describe a dismissed action, for purposes of determining whether the action may be refiled under CPLR 205 (a). (See George, 47 NY2d at 175-178.)

. This distinction also finds support in Copeland v Salomon (56 NY2d 222, 227 [1982]), which generally summarized CPLR 205 (a) authority as follows:
“The omission of such a condition [precedent] does not necessarily bar the claim entirely. If no time limit for compliance with the condition is established, or the established time limit is still open, or CPLR 205 operates because of the defectively commenced action to extend the time limit, the omission [of such a condition precedent] can be supplied and the action or a new action replacing it will be decided on the merits.”
Copeland was a non-CPLR 205 (a) case in which a complaint against a receiver was dismissed for failure to obtain required court authorization prior to suing the receiver. The Court cited CPLR 205 (a) authority in reversing dismissal of the action and upholding nunc pro tunc cure of the failure to obtain the authorization.

. The Appellate Division decision in Kretschmann noted that the condition precedent was not fulfilled until after the first action was dismissed, but did not discuss whether it was fulfilled before or after the passage of the statute of limitations. (294 AD2d at 41.) As the injury occurred in 1996 and the first action was dismissed in 2000 (see 184 Misc 2d 535 [Sup Ct, Steuben County 2000]), it is apparent that the three-year statute of limitations for a personal injury action had in fact passed before fulfillment of the condition precedent.

. These cases at times appear to use the term condition precedent as if it were applicable only to a statute that imposes a time restriction, rather than or in addition to the statute of limitations, on commencement of an action. As the above discussion (supra at 359-362) of cases such as Alouette, Fleming and Kretschmann shows, however, the courts also use the term condition precedent to describe a statutory provision that imposes a pre-suit requirement such as a settlement demand or notice of claim, but which does not impose a time restriction on commencement of the action distinct from the statute of limitations.

. In concluding that the statutory time limit was not a substantive component of the claim, the Court emphasized that the claim did not owe its existence to the EDPL. (Goldstein, 13 NY3d at 521-522.) In Yonkers, in contrast, the Court held that the cause of action against the Port Authority did not exist at common law under which the Port Authority enjoyed sovereign immunity, and that the statute authorizing suit against the Port Authority both created a cause of action and attached a time limit to its commencement, making the time limit “the condition precedent to the maintenance of the action at all.” (Yonkers, 93 NY2d at 379; see also Goldstein, 13 NY3d at 521-522 [distinguishing Yonkers on this basis].)

. The parties did not brief the issue of whether this statement is dictum or a holding. The court need not reach this issue, in light of the Court of Appeals’ subsequent condition precedent holding which, as held in the text {infra at 368-369) is controlling.

. Defendant does not cite, and the court’s own research has not located, any case decided after ACE III in the context of the RMBS litigation, or any case outside it, which has held that an action commenced within the statute of limitations was untimely due to the failure to comply, prior to the commencement of the action or before expiration of the limitations period, with a condition precedent analogous to the repurchase demand at issue.

. It is noted that the trustee incorrectly argues that this court previously held that the Appellate Division did not dismiss the prior action as time-barred. (Plaintiff’s mem in opp at 3, 11.) In ABSHE 2006-HE7 (2015 NY Slip Op 30424[U]), this court rejected the defendant-sponsor’s contention that the action was time-barred based on the trustee’s failure to comply with a repurchase demand condition precedent prior to the expiration of the statute of limitations. (Id. at *10-11.) Citing CPLR 205 (a) authorities, including cases cited above, the decision rejected the defendant’s assertion that ACE II dismissed the action as time-barred because the action had been commenced before the full cure and repurchase periods had run. (Id. at *10-11.) The decision noted that the Appellate Division did not state or hold that the failure to comply with the repurchase demand condition precedent rendered the action “untimely.” Although the decision did not address the Appellate Division’s discussion of ACE II in U.S. Bank N.A. v DLJ Mtge. Capital, Inc. (121 AD3d 535 [2014], supra), the decision also did not suggest that ACE II did not dismiss the action on timeliness grounds. On the contrary, in discussing the Court’s alternative standing and substitution holdings, the decision quoted the Court’s finding that the trustee’s substitution as plaintiff did not “permit [the Court] to deem timely filed the trustee’s complaint.” (ABSHE 2006-HE7 at *11.)
As noted above (supra at 346-347 n 2), by decision also issued on this date in ABSHE 2006-HE7, this court granted the defendant’s motion for reargument based on ACE III, and adhered to its prior decision dismissing the action without prejudice.

. The standards under CPLR 203 (f) for permitting a new plaintiff to substitute for the original plaintiff in an action, after the statute of limitations has passed, arguably remain unsettled as to the extent to which the original and new plaintiffs may assert different claims or seek different damages. It is clear, however, that in applying CPLR 203 (f), the courts consider the relationship of the new and old plaintiffs, and have repeatedly permitted substitution after the passage of the statute of limitations by affiliates or other sufficiently related entities, provided that the claims sought to be asserted were otherwise found appropriate for assertion under the relation-back doctrine. {See Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:11 at 188-189 [2003 ed], 2016 Pocket Part at 72-73, 83-86; see HSBC Guyerzeller Bank AG v Chascona N.V., 42 AD3d 381, 382-390 [1st Dept 2007, McGuire, J., and Sullivan, J., concurring] [summarizing cases].)