Alvogen Group Holdings LLC v Bayer Pharma AG (2019 NY Slip Op 07533)





Alvogen Group Holdings LLC v Bayer Pharma AG


2019 NY Slip Op 07533


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10148 653930/18

[*1] Alvogen Group Holdings LLC, et al., Plaintiffs-Appellants,
v
Bayer Pharma AG, et al., Defendants-Respondents.


Baker Botts L.L.P., New York (Earl B. Austin of counsel), for appellants.
Hughes Hubbard & Reed LLP, New York (Robb W. Patryk of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about December 21, 2018, which, insofar as appealed from, granted defendants' motion to dismiss the first and third causes of action pursuant to CPLR 3211, unanimously affirmed, without costs.
The first cause of action, seeking rescission of the Asset Sale and Purchase Agreement (APA), was correctly dismissed because section 9.10 of the APA states that, except in cases of fraud, willful misconduct, or intentional misrepresentation — which plaintiffs do not allege — "the indemnification provisions of this Article 9 shall be [plaintiffs'] sole and exclusive remedy . . . for all matters arising under or in connection with this Agreement and the Transaction Documents" (see Rubinstein v Rubinstein, 23 NY2d 293, 298 [1968]; L.K. Sta. Group, LLC v Quantek Media, LLC, 62 AD3d 487, 493 [1st Dept 2009]); U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 42 Misc 3d 1213[A], 2014 NY Slip Op 50029[U], *4-5 [Sup Ct, NY County 2014], affd on other grounds 121 AD3d 535 [1st Dept 2014]).
The third cause of action, which alleges breach of the Manufacturing and Supply Agreement (MSA), was correctly dismissed because the forum selection clause in the MSA says, "Exclusive place of jurisdiction under this Agreement shall be Berlin" (all-caps omitted]) (see e.g. Sterling Natl. Bank v Eastern Shipping Worldwide, Inc., 35 AD3d 222 [1st Dept 2006]). Plaintiffs' argument that Alvogen Malta Operations, Ltd. (Alvogen Malta), the only plaintiff who is a party to the MSA, should be allowed to litigate the breach of the MSA claim in New York because the MSA is incorporated into the APA, which chooses New York as a forum, is without merit and would lead to two contradictory forum selection clauses. Such a result should be avoided (see generally Matter of Lipper Holdings v Trident Holdings, 1 AD3d 170, 171 [1st Dept 2003]). Furthermore, Alvogen Malta is not a party to the APA, and it is not a third-party beneficiary of that contract's forum selection clause, so it may not make use of the clause.
While the order does not specify whether the dismissal is with or without prejudice, defendants' briefs to the motion court indicate that they sought dismissal of the rescission cause of action with prejudice and dismissal of the breach of the MSA cause of action without prejudice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK